Law Office
JOHN A. YACOVELLE
8438 Mackall Rd.
St. Leonard, MD 20685
410-586-3344
Attorney for Defendant
Matthew Durst

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JAKE BALL TRUST, STEVEN DURST,
and REUBEN DURST
    Plaintiffs

v.

CIVIL ACTION NO.

MATTHEW DURST,
    Defendant

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:
PLEASE TAKE NOTICE that defendant Matthew Durst hereby removes to this Court the state court action described below.

Remaining Parties: plaintiffs, Steven Durst, 23 Oakwood Drive, Medford, New Jersey, 08055; and Reuben Durst, 846 Drewry Street, Atlanta, Georgia, 30306; defendant, Matthew Durst, 20 Woodcliff Drive, Simsbury, Connecticut, 06070. "Jake Ball Trust" has been dismissed as a party.

1

1. On or about May 17, 2012, an action was commenced in the Superior Court of New Jersey, Chancery Division, Cumberland County, entitled Jake Ball Trust, et. al, Plaintiffs, vs. Matthew Durst, Defendant, Case No. C-9-12.

2. Defendant was served with the complaint and summons on June 5, 2012.

3. A copy of all process, pleadings and orders served by or upon defendant in the state court action are attached hereto as Exhibit "A".

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Sec. 1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. Sec. 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. On July 2, 2012, defendant filed a Motion to Dismiss the Complaint upon personal and subject-matter jurisdictional grounds.

6. Although the Motion was denied by date of July 27, 2012, (Order received by defendant's attorney on August 2nd}, one portion of the Motion was granted: the plaintiff Jake Ball Trust was dismissed for lack of standing.

7. The remaining parties are citizens of different states, so that diversity of citizenship exists; plaintiffs are citizens of New Jersey and Georgia and the defendant is a citizen of Connecticut, which diversity did not exist prior to the Order of July 27 when Jake Ball Trust was still a party.

8. Upon receipt of the Order dismissing one of the plaintiffs, the defendant learned that the case was removable, and filed this Notice of Removal within 30 days of the date thereof, so that this Notice is timely pursuant to 28 U.S.C. Sec. 1446(b).

WHEREFORE, defendant Matthew Durst prays that this action be removed to the United States District Court for the District of New Jersey.

DATED: __August 21, 2012__

_____
JOHN A. YACOVELLE, ESQ.
Attorney for Defendant

## CERTIFICATION REGARDING OTHER LITIGATION

1. Defendant Matthew Durst, Trustee of the Jake Ball Trust, has filed an Accounting in Connecticut; plaintiffs, Steve Durst and Reuben Durst, also a Trustee of said trust, have filed objections. Hearings are concluded and a decision is expected on the Accounting by September 1. The case is In the Matter of Jake Ball Trust, No. 11-0547, Simsbury Regional Probate District Court.

2. Plaintiffs Steven Durst and Reuben Durst moved to intervene in a case pending in Superior Court of N.J., Chancery Division, Cumberland County, docket no. C-27-10, between Matthew Durst, Trustee of the Jake Ball Trust, plaintiff, and Goodmill, LLC and Bruce Goodman, defendants; the plaintiffs herein sought to vacate a settlement reached between the parties. After the plaintiffs participated as *de facto* Intervenors, the trial judge upheld the settlement and plaintiffs have filed an appeal in the Superior Court, Appellate Division seeking reversal of that decision.

August 21, 2012               _____
                              John A. Yacovelle, Esq.

## PROOF OF MAILING

  I CERTIFY that on August 21, 2012, this Notice of Removal, together with Attachments, was sent by U.S. mail to the Clerk of the Superior Court, Cumberland County, at 60 West Broad St., Bridgeton, N. J., and by U.S. mail to Vincent D'Elia, Esq., attorney for plaintiffs, at 13000 Lincoln Dr. West, Suite 300 Marlton, NJ 08053.

  A courtesy copy of the Notice of Removal, without attachments, was also sent this date, by telefax, to Hon. Anne McDonnell, P.J.Ch. at chambers in Woodbury, N.J.

  I further CERTIFY that the foregoing statements made by me are true. If any of the statements are willfully false, I am aware that I am subject to punishment.

Dated: August 21, 2012

                 _____
                 John A. Yacovelle