**The D'Elia Law Firm, LLC**
By: Vincent D'Elia, Esquire
13000 Lincoln Drive West, Suite 300
Marlton, New Jersey 08053
Phone (856) 797-9777
Fax     (856) 797-1447
e-mail  delia@delialawfirm.com
Attorney for Plaintiff,

| | |
|---|---|
| Jake Ball Trust, Steven Durst and Reuben Durst<br><br>Plaintiff<br><br>v.<br><br>Matthew Durst<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>CUMBERLAND COUNTY<br>CHANCERY DIVISION<br><br>Docket No.  C-9-12<br><br>**Civil Action**<br><br>**SUMMONS** |

From The State of New Jersey
To The Defendant(s) Named Above:     Matthew Durst

     The Plaintiff(s), named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625.  A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to Plaintiff(s), if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

     If you do not file and serve a written answer or motion with 35 days, the court may enter a judgment against you for the relief Plaintiff(s) demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Clerk of the Superior Court (Acting)

Dated:  _May 17, 2012_____          _Jennifer M. Perez /s/_____

Name of Defendant to be Served:          Matthew Durst

Address of Defendant to be Served:          20 Woodcliff Drive
Simsbury, CT  06070

F:\FILES\7869 - Matthew Durst, Trustee Jake Ball Trust and Steven Durst v. Hoffman, et al\Pleadings\Summons Injunctive Relief.doc

A TRUE COPY ATTEST

PROCESS SERVER
MICHAEL WALTON

#141346

**The D'Elia Law Firm, LLC**
By: Vincent D'Elia, Esquire
13000 Lincoln Drive West, Suite 300
Marlton, New Jersey 08053
Phone (856) 797-9777
Fax    (856) 797-1447
e-mail  delia@delialawfirm.com
Attorney for Plaintiffs, Jake Ball Trust, Steven Durst and Reuben Durst

SUPERIOR COURT OF N.J.
CUMBERLAND COUNTY
LAW DIVISION

MAY 17 2012

REC'D & FILED
CIVIL CASE
MANAGEMENT OFFICE

| | |
|---|---|
| JAKE BALL TRUST, STEVEN DURST and REUBEN DURST<br><br>Plaintiff<br><br>v.<br><br>MATTHEW DURST<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>CUMBERLAND COUNTY<br>CHANCERY DIVISION<br><br>Docket No  C-9-12<br><br>**Civil Action**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES AND OTHER RELIEF**<br><br>999 - Trust Disputes |

Plaintiffs, Jake Ball Trust, Steven Durst and Reuben Durst by way of Complaint state:

1.     At all times relevant hereto, Plaintiff, Steven Durst ("Steve") was the Settlor/Grantor of the Plaintiff Jake Ball Trust (the "Trust").

2.     At all times relevant hereto, the Plaintiff, Jake Ball Trust (the "Trust") was created pursuant to the "Jake Ball Trust Agreement by and between Steven Durst as Grantor and Matthew Durst and Reuben H. Durst as Trustees dated November 29, 2004 as amended and restated on December 24, 2007" (the "Trust Agreement").

3.     At all times relevant hereto, Plaintiff, Reuben Durst ("Mike") was a co-trustee of the Trust.

4.     At all times relevant hereto (and until his resignation and/or termination in late 2011), Defendant, Matthew Durst ("Matt") was a co-trustee of the Trust.

5.     At the time of the execution of the Trust Agreement, Plaintiff Mike and Defendant Matt were the co-trustees of the Trust.

6.     As co-trustees of the Trust, both Mike and Matt have the same fiduciary obligations and responsibilities to the Trust and its beneficiaries.

7.     At or about the time of the creation of the Trust Agreement, it was agreed by and between co-trustees Matt and Mike that Matt would handle the day-to-day ministerial duties of the Trust.

8.     At no time did Plaintiff Mike resign, abandon or abdicate his position as a co-trustee.

9.     At no time did Plaintiff Mike authorize Defendant co-trustee Matt to dispose of major assets nor did Mike authorize Matt to make major decisions concerning Trust assets.

10.     The Trust was established to provide, among other things, to prioritize for the health, safety and maintenance of the children of the settlor (the "Priority Beneficiaries"), Plaintiff, Steven Durst.

11.     The Priority Beneficiaries of the Trust are:

| Name | Relationship to Steven Durst |
|------|------------------------------|
| Loren Durst Mague | Daughter |
| Erica Durst | Daughter |
| Jillian Durst | Daughter |
| Zachary Durst | Son |
| Angelina Stambouli | Daughter |
| Jacquelyn Durst | Daughter |

2

| Justina Durst | Daughter |
|---|---|
| Michael Marcengill | Son |

Hereinafter collectively referred to as the "Priority Beneficiaries."

12.     In his capacity as the co-trustee responsible for day-to-day operations of the Trust, Defendant Matt misappropriated and/or self-dealt with respect to the Trust assets.

13.     Defendant Matt's self-dealing included, but was not limited to, the following:

(a)     Unauthorized distributions on behalf of Defendant Matt's son for non-trust related purposes.

(b)     Purchase of athletic equipment, a computer and other non-authorized expenses.

(c)     Provided a disproportionate amount for his child to the exclusion of the other Priority Beneficiaries, far in excess of his understanding with the Grantor, Steven Durst, and is outside of the requirements of the Trust.

14.     In late 2011, and without the consultation or approval of co-trustee, Mike, Matt settled a lawsuit (the "Settlement") wherein he conveyed trust assets including:

(a)     An interest in a Millville, New Jersey (the "Millville Asset") shopping center appraised at almost  $900,000.00; and

(b)     Other assets with a value of approximately $300,000.00.

15.     The Settlement called for consideration of only $80,000.00 in exchange for assets valued at approximately $1,200,000.00.

3

16.     The Millville Asset was encumbered by a Note and Security Agreement payable to Plaintiff, Steve, in the amount of $500,000.00.

17.     Defendant Matt also violated his fiduciary obligations by conveying the Millville Asset even though it was encumbered by a security interest in favor of Plaintiff, Steven Durst.

18.     Defendant Matt failed to provide annual accountings as had been agreed upon by the parties thereby preventing earlier discovery of his inappropriate actions.

19.     When the Plaintiff/co-trustee Mike and the other adult beneficiaries (Loren Durst Mague, Erica Durst, Jillian Durst and Michael Marcengill) found out about the unauthorized and ill-conceived conveyance of the encumbered Millville Asset, at approximately one-fifteenth of its value, they immediately protested, objected and demanded Matt's resignation.

20.     Despite the objection of all the adult Beneficiaries and the Co-Trustee (Mike), Matt continued to pursue the Settlement.

21.     Despite the objection of all the adult Beneficiaries and the Co-Trustee (Mike), Matt, following the Settlement, continued to illegally disburse Trust Funds.

22.     Matt represented to Plaintiffs, Steve, Mike and some of the adult beneficiaries that he would resign as co-trustee and complete a final accounting.

23.     Despite repeated written assurances that he had resigned, except for providing a final accounting, Defendant Matt continued to disburse Trust Funds without authorization.

4

24.     Despite his representation that he had resigned as a Co-Trustee, Defendant Matt continued to pursue the ill-conceived Settlement and the conveyance of Trust Assets (including the Millville Asset) at a ridiculously reduced value.

25.     In October of 2011, Defendant Matt promised to turn over all assets of the Trust (including but not limited to the Trust checkbook) to Co-Trustee Mike.

26.     On October 20, 2011, Defendant Matt delivered to Plaintiff a new checkbook minus the check register and other documents purporting to be all of the liquid assets of the Trust.

27.     On December 12, 2011, however, Mike, Steve and the Beneficiaries discovered that Matt had diverted approximately $35,000.00 from the Trust to a Connecticut attorney's Trust Account.

28.     As a result of the misrepresentation of delivery of the Trust liquid assets, the Trust issued checks that were dishonored.

WHEREFORE, Plaintiffs demand judgment against Defendant, Matthew Durst:

(a)     Ordering Matthew Durst to immediately resign as a Trustee of the Trust.

(b)     In the alternative, Ordering the removal of Matthew Durst as a Trustee of the Jake Ball Trust.

(c)     To enjoin and restrain Defendant Matthew Durst from access to any and all Trust assets.

(d)     Ordering the immediate return of all misappropriated funds.

(e)     Compensatory damages.

(f)     Punitive damages.

(g)     For attorney's fees and costs of suit.

5

(h)     Such other relief as the Court deems just and proper.

The D'Elia Law Firm, LLC

Dated:  May 16, 2012                          By: _____

Vincent D'Elia, Esquire
Attorney for Plaintiffs

F:\FILES\7869 - Matthew Durst, Trustee Jake Ball Trust and Steven Durst v. Hoffman, et al\Pleadings\Complaint in Cumberland for
Injunctive Relief and Demand for Jury Trial.doc

**Appendix XII-B1**



## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Vincent D'Elia, Esquire | TELEPHONE NUMBER<br>(856) 797-9777 | COUNTY OF VENUE<br>Cumberland |
| --- | --- | --- |

| FIRM NAME (if applicable)<br>The D'Elia Law Firm, LLC | DOCKET NUMBER (when available) |
| --- | --- |

| OFFICE ADDRESS<br>13000 Lincoln Drive West, Suite 300, Marlton, NJ  08053 | DOCUMENT TYPE<br>Complaint for Injunctive Relief |
| --- | --- |
| | JURY DEMAND  ☐ YES  ■ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Jake Ball Trust, Steven Durst and Reuben Durst | CAPTION<br>Jake Ball Trust, Steven Durst and Reuben Durst v. Matthew Durst |
| --- | --- |

| CASE TYPE NUMBER (See reverse side for listing)<br>999 - Trust Disputes | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
| --- | --- |
| | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?<br>■ YES  ☐ No | IF YES, LIST DOCKET NUMBERS<br>C-27-10 |
| --- | --- |

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes  ☐ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |
| --- | --- |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ YES  ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE    ☐ FRIEND/NEIGHBOR    ☐ OTHER (explain)<br>■ FAMILIAL    ☐ BUSINESS |
| --- | --- |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ■ No |
| --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| --- | --- | --- |
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:                                                          A TRUE COPY ATTEST

Law Office, John A. Yacovelle
8438 Mackall Rd.
St. Leonard, MD 20685
888-819-3736,
410-586-3344

SUPERIOR COURT OF N.J.
CUMBERLAND COUNTY

JUL 05 2012

REC'D & FILED
CIVIL CASE
MANAGEMENT OFFICE

---

**JAKE BALL TRUST, STEVEN DURST**
**and REUBEN DURST,**

**Plaintiffs**

**Vs.**

**MATTHEW DURST,**
**Defendants**

Superior Court of New Jersey
Chancery Division, General
Equity
Cumberland County
Civil Action

Docket No.: C-9-12

**NOTICE OF MOTION TO**
**DISMISS COMPLAINT**

*Return Date: 7-27-12*

PLEASE NOTE
CHANGE IN
COURT DATE
AND NOTIFY
ALL PARTIES

Vincent D'Elia, Esq.
13000 Lincoln Drive West, Suite 300
Marlton, NJ 08053

SIR:

PLEASE TAKE NOTICE that on a date to be fixed by the Court, at 9:00 a.m. or as soon thereafter as counsel may be heard, the undersigned attorney for the plaintiff will move before the Superior Court, Chancery Division, at Woodbury, New Jersey, for an Order pursuant to R. 4:6-2 dismissing the Complaint herein upon the following grounds:  a) lack of jurisdiction over the person; b) lack of subject-matter jurisdiction c) failure to join an indispensable party; and such other grounds as shall be set forth in the moving papers.In support of this Motion and in Opposition to the Motions of the proposed Intervenors, I shall rely upon the Brief and attachments filed herewith;

Oral argument is hereby requested.

Dated: July 2, 2012

_____
JOHN A. YACOVELLE, ESQ.
**Attorney for Defendant Matthew Durst**


## PROOF OF SERVICE


On July 2nd 2012,  I, the undersigned, mailed to Vincent D'Elia, Esquire, of the D'ELIA LAW FIRM, LLC, at Four Greentree Centre, Suite 300, Marlton, NJ 08053,  by certified mail, a copy of the within Notice of Motion and Attachments

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  July 2, 2012

_____
John A. Yacovelle

Law Office, John A. Yacovelle
8438 Mackall Rd.
St. Leonard, MD 20685
888-819-3736,
410-586-3344

RECEIVED & FILED
JUL 2 7 2012
Anne McDonnell, P.J.Ch.

JAKE BALL TRUST, STEVEN DURST
and REUBEN DURST,

        Plaintiffs

        Vs.

MATTHEW DURST,
   Defendant

Superior Court of New Jersey
Chancery Division, General
Equity
Cumberland County
Civil Action

Docket No.: C-9-12

ORDER

      This matter being opened to the Court by John A. Yacovelle, Esq., attorney
for defendant, Matthew Durst, by Notice of Motion to Dismiss the Complaint
filed herein, and the Court having considered the moving papers, opposition
papers, if any, and oral arguments of the parties, if any,  and for good cause
shown,

      IT IS, on this _27_ day of _July_ 2012, ORDERED  that the

*JAKE BALL TRUST* ~~complaint~~ filed herein BE, and IS HEREBY, DISMISSED,  for lack of ~~in~~ *standing.  The balance of the relief* ~~personam jurisdiction over the defendant; and lack of subject matter jurisdiction~~ *requested is denied.* ~~over the matters alleged in the complaint.~~

_Ann McDonnell_
Anne McDonnell, P.J.Ch. J.S.C.

✓ opp

about that.

THE COURT:  All right.  This is a case --
rather, the issue before me is one of jurisdiction.
And usually on jurisdiction issues I write a Letter
Opinion because I like to try to get it right.

However, I've spent too much time on this one
to spend any more time on it.  We all know the case of
*International Shoe* and we focus on the contacts.

I'm satisfied that -- which brother? -- Matt,
Matt who makes the motion does have sufficient minimal
contacts to be sued in New Jersey based on the fact
that he has filed suit here himself within the last
year or so.  That matter, of course, has been resolved.

Moreover, he has met with his brother at the
Sage Diner next to Exit 4 on the Turnpike, which is
always a good *International Shoe* criteria.  And
finally, he likes to go to the New Jersey shore.

So the basic fairness is here.  The brothers
can sue in New Jersey.

I'm satisfied the Jake Ball Trust should be
dismissed based on the *Options vs. Lawson* case, *287,*
*N.J. Super. 209, Appellate Division 1996*.  Trustees can
sue but the Trust itself is not an entity that can
bring suit.

Accordingly, I do deny the Motion as to -- I

---

Judge's Decision                                    28

do deny the Motion except that I will dismiss the Jake
Ball Trust as a Plaintiff.  Thank you.

MR. YACOVELLE:  Thank you, Your Honor.

THE COURT:  Good day.

(Whereupon, the hearing was concluded at
9:58:02.)

---

                                                    29

CERTIFICATION

I, JACQUELINE VARHLEY, the assigned transcriber,
do hereby certify the foregoing transcript of
proceedings on, CourtSmart, Index 9:16:16 to 9:58:02,
from Cumberland County Superior Court, on July 27,
2012, is prepared in full compliance with the current
Transcript Format for Judicial Proceedings and is a
true and accurate compressed transcript of the
proceedings as recorded.

*Jacqueline Varhley*
THE TYPE-RIGHT-ER
Jacqueline Varhley

8-13-12

                        _____561_____
                        AAERT CET No.

Law Office, John A. Yacovelle
8438 Mackall Rd.
St. Leonard, MD 20685
888-819-3736,
410-586-3344

---

**JAKE BALL TRUST, STEVEN DURST
and REUBEN DURST,**

       **Plaintiffs**

       **Vs.**

**MATTHEW DURST,**

      **Defendant**

---

**Superior Court of New Jersey
Chancery Division, General
Equity
Cumberland County
Civil Action**

**Docket No.: C-9-12**

**NOTICE OF MOTION FOR
EMERGENT STAY OF THIS ACTION
PURSUANT TO R:2:9-5**

**TO: VINCENT D'ELIA, ESQ
13000 LINCOLN DRIVE WEST, SUITE 300
MARLTON, N.J. 08053**

SIR:

    **PLEASE TAKE NOTICE that** on August 2, 2012, at 2:00 p.m., or as soon thereafter as counsel may be heard, the undersigned attorney for the defendant will move on an emergent basis before the Superior Court, Chancery Division, at Woodbury, New Jersey, for an Order pursuant to **2:9-5** for a Stay of the Order of that Court dated July 27, 2012, received August 2, 2012, and attached hereto, to allow the defendant to apply to the Superior Court, Appellate Division for Leave to Appeal from that Order and for Summary Reversal thereof.

    The purpose of this Stay is to maintain the *status quo* pending a decision by the Appellate Division on the Motion for Leave to Appeal and the Motion for Summary Reversal.

Dated: 8/2/2012

                           JOHN A. YACOVELLE
                          Attorney for Defendant



**The D'ELIA Law Firm, LLC**

13000 Lincoln Drive West, Suite 300
Marlton, New Jersey  08053

856.797.9777  Phone
856.797.1447  Fax

Vincent D'Elia
Teresa M. Lentini*
Kirk N. Pavoni, Jr.*

delia@delialawfirm.com
teresa@delialawfirm.com
kpavoni@delialawfirm.com

*admitted PA and NJ Bar

August 3, 2012

**VIA TELEFAX - (856) 853-3451**
**AND REGULAR MAIL**
The Honorable Anne McDonnell, J.S.C.
Chancery Division, General Equity Part
Gloucester County Superior Court
Ctrm. 201
1 N. Broad Street
Woodbury, NJ 08096

Re:   **Jake Ball Trust, Steven Durst and Reuben Durst v. Matthew Durst**
      **Docket No. C-9-12**

Dear Judge McDonnell:

     This letter follows the August 2, 2012 letter sent by Mr. Yacovelle requesting a Stay of the Order of this Court dated July 27, 2012. R. 2:9-5 cited in the Notice of Motion for Emergent Stay of this Action applies to final judgments that would ordinarily be appealed to the Appellate Court.

     The rule that governs this notice of motion is R. 2:2-4 which governs appeals to the appellate division from interlocutory orders. R. 2:2-4 states,

          the Appellate Division may grant leave to appeal, in the interest of justice,
          from an interlocutory order of a court…if the final judgment, decision or
          action thereof is appealable as of right pursuant to R. 2:2-3(a).

     In consideration of the interests of justice, Defendant makes no mention of any emergency in his moving papers nor does he describe the irreparable harm that he will incur. As I mentioned in the response to Defendant's Motion to Dismiss, there is additional money that is coming into the trust that Plaintiffs want to keep out of Defendant's hands.

     In this matter, there is no emergency to the Defendant nor is there any irreparable harm that would occur. Defendant does not have a genuine emergency and is unable to make a prima facie showing that immediate interlocutory intervention is warranted. This is simply a delay tactic to prevent the case from moving forward. Due to the inability to be successful in even filing for an emergent motion, I request that a stay be denied.

Honorable Anne McDonnell, J.S.C.
Page 2
August 3, 2012

     For all of the above reasons it is respectfully submitted that the proposed Order to Stay the Court's Order of July 27, 2012 be denied.

          Respectfully,

          THE D'ELIA LAW FIRM, LLC

By:   _____
          Kirk Pavoni, Jr.

cc:   John Yacovelle, Esquire (fax and Regular Mail)
      Steve Durst (via email)
      Mike Durst (via email)

F:\FILES\7869 - Matthew Durst, Trustee Jake Ball Trust and Steven Durst v. Hoffman, et al\correspondence\Judge McDonnell letter re Order to Stay denial of Motion to Dismiss.doc



RECEIVED & FILED

AUG 07 2012

Anne McDonnell, P.J.Ch.

Law Office, John A. Yacovelle
8438 Mackall Rd.
St. Leonard, MD 20685
888-819-3736,
410-586-3344

---

**JAKE BALL TRUST, STEVEN DURST**
and **REUBEN DURST,**

        Plaintiffs

        Vs.

**MATTHEW DURST,**
  Defendant

Superior Court of New Jersey
**Chancery Division, General
Equity
Cumberland County
Civil Action**

**Docket No.: C-9-12**

**ORDER**

---

      This matter being opened to the Court by John A. Yacovelle, Esq., attorney
for defendant, Matthew Durst, by Notice of Motion for a Stay of the Order dated
July 27, 2012, received August 2, 2012 denying the Motion of the Defendants to
Dismiss the Complaint filed herein, to allow time for the defendant to file a
Notice of Motion for Leave to Appeal and a Motion for Summary Reversal in the
Appellate Division, and the Court having considered the arguments of the
parties, if any, and for good cause shown,

      IT IS, on this __7__ day of August, 2012, ORDERED that the Stay of the
within action be and is hereby, _____DENIED____, for a period of _____
days from the date hereof. If DENIED, responsive pleading due within __20__
days of the date of this Order.

Dated: _August 7, 2012_         _____
                                    J.S.C.

✓opposed - 8/3/12

**The D'Elia Law Firm, LLC**
By: Vincent D'Elia, Esquire
13000 Lincoln Drive West, Suite 300
Marlton, New Jersey 08053
Phone (856) 797-9777
Fax     (856) 797-1447
e-mail  delia@delialawfirm.com
Attorneys for Plaintiffs, Jake Ball Trust, Steven Durst and Reuben Durst

| | |
|---|---|
| JAKE BALL TRUST, STEVEN DURST AND REUBEN DURST<br><br>Plaintiffs<br><br>v.<br><br>MATTHEW DURST,<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>CUMBERLAND COUNTY<br>CHANCERY DIVISION, GENERAL EQUITY<br><br>Docket No.  C-9-12<br><br>**Civil Action**<br>**NOTICE TO TAKE ORAL DEPOSITION** |

TO:    John A. Yacovelle, Esquire
       8438 Mackall Road
       St. Leonard, MD  20685

**PLEASE TAKE NOTICE** that in accordance with R. 4:14, testimony will be taken by deposition upon oral examination before a person authorized by the laws of the State of New Jersey to administer oaths on **Thursday, September 20, 2012 at 10:00 a.m. at the offices of The D'Elia Law Firm, LLC, 13000 Lincoln Drive West, Suite 300, Marlton, New Jersey 08053**, with respect to all matters relevant to the subject matter involved in this action, at which time and place you will please produce the following person(s) whose testimony is to be taken:

**MATTHEW DURST**

In addition, you are required, pursuant to R. 4:14-2(d), to produce and bring with you the documents that respond to the Initial Request for Production of Documents, a copy of which is attached.

**TAKE FURTHER NOTICE** that at the same time and place the testimony of the following person(s) will also be taken:

**JOHN YACOVELLE, ESQUIRE**

THE D'ELIA LAW FIRM, LLC
Attorneys for Plaintiffs,
Jake Ball Trust, Steven Durst and
Reuben Durst

Dated: August 10, 2012            By:_____
                                       Vincent D'Elia

F:\FILES\7869 - Matthew Durst, Trustee Jake Ball Trust and Steven Durst v. Hoffman, et al\Discovery - C-9-12\Notice to Take Oral Dep.doc

Law Office, John A. Yacovelle
8438 Mackall Rd.
St. Leonard, MD 20685
888-819-3736
410-586-3344

---

**STEVEN DURST**
**and REUBEN DURST,**

      **Plaintiffs**

      **Vs.**

    **MATTHEW DURST,**
    **Defendant**

---

**Superior Court of New Jersey**
**Chancery Division, General**
**Equity**
**Cumberland County**
**Civil Action**

**Docket No.: C-9-12**

**NOTICE OF MOTION FOR**
**PROTECTIVE ORDER**

*THIS MOTION IS PENDING — NO OPP. Filed yet*

TO: Vincent D'Elia, Esq.
    13000 Lincoln Drive West, Suite 300
    Marlton, NJ 08053

SIR:

PLEASE TAKE NOTICE that on August 31, 2012, at 9:00 a.m. or as soon thereafter as counsel may be heard, the undersigned attorney for the defendant will move before the Superior Court, Chancery Division, for a Protective Order pursuant to **R. 4:10-3** directing that the deposition of John A. Yacovelle, Esq., attorney for the defendant, Noticed for September 20, 2012, not take place at all and that the Notice therefore be quashed.

In support of this Motion I shall rely upon the Brief and attachments filed herewith.

Oral argument is hereby requested.

_[signature]_
John A. Yacovelle, Esq.
Attorney for Defendant

## PROOF OF MAILING

I CERTIFY that on August 16, 2012, this Notice of Motion, Brief, and Supporting Certification and Exhibits was sent by U.S. mail to the Clerk of the Superior Court, Cumberland County at 60 West Broad St., Bridgeton, N.J., and by U.S. mail to Vincent D'Elia, Esq. at 13000 Lincoln Dr. West, Suite 300, Marlton, NJ 08053.

I further CERTIFY that the foregoing statements made by me are true. If any of the statements are willfully false, I am aware that I am subject to punishment.

Dated: August 16, 2012

_[signature]_
John A. Yacovelle

Law Office, John A. Yacovelle
8438 Mackall Rd.
St. Leonard, MD 20685
888-819-3736
410-586-3344

---

**STEVEN DURST**
**and REUBEN DURST,**

      **Plaintiffs**

      **Vs.**

**MATTHEW DURST,**
**Defendant**

**Superior Court of New Jersey**
**Chancery Division, General**
**Equity**
**Cumberland County**
**Civil Action**

**Docket No.: C-9-12**

---

## CERTIFICATION IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

      JOHN A. YACOVELLE, ESQ., hereby CERTIFIES as follows:

1.  I am the attorney for the defendant in the captioned matter and have represented him for the past two years in matters which have led directly to the filing of this lawsuit.

2.  I make this Certification in support of a Motion for a Protective Order regarding my proposed deposition which has been Noticed, by Vincent D'Elia, attorney for the plaintiffs, for September 20, 2012, at 10:00 a.m.

3.  For some time, Mr. D'Elia and one of his clients, Steven Durst, have been trying to get me to withdraw as attorney for Matthew Durst, even though services performed for him, whether as a Trustee or individually,

have been performed without charge to the Trust since October 5, 2011. Our most recent correspondence, Mr. D'Elia's letter of July 31, 2012 and my reply of August 3, 2012, are attached hereto as Exhibits "A" and "B" respectively.

4. To put the matter simply, I can conceive of no circumstance whereby I would offer myself as a witness in this case. I am certainly not a "necessary" witness as set forth in RPC 3.7(a).

5. My entire knowledge regarding the "settlement" consists of attorney-client communications with my client, my work product, and participation with several other persons in a Mediation on October 3 and 4 2011.

6. The Mediation was scheduled on the same date fixed for trial, and it was uncertain until the Judge sent us into Mediation that there would be a Mediation at all; we were, therefore, prepared to proceed to trial.

7. As for the Mediation itself, leaving aside confidential discussions with my client, absolutely nothing took place outside of the presence of some or all of the following people: Mediator Kerns; my client; Steve Durst; Bruce Goodman; Chris Anderson; Andee Gaffin; and Goodman attorneys Stephen Hladik, Esq. and David Onorato, Esq. In short, there are plenty of people to depose if Mr. D'Elia actually wants to find out what happened in the Mediation which resulted in a settlement rather than his obvious purpose of getting me out of the case to the great disadvantage of my client who would certainly not be able to afford to retain counsel to take over the matter.

8. Under the circumstances, it is clear to me that the attempt to make me a witness is not a good-faith attempt to discover evidence, but a bad-faith misuse of discovery rules to ultimately leave my client defenseless in a very complicated case, involving issues of res adjudicata, collateral estoppel,

comity, personal jurisdiction issues, and any number of legal issues with which my client would be unable to cope.

I CERTIFY that the statements contained herein are true.  I am aware that if any of the statements made by me are false, I am subject to punishment.

Date: 8/16/2012

John A. Yacovelle, Esq.



**13000 Lincoln Drive West, Suite 300**　　**856.797.9777 Phone**
**Marlton, New Jersey  08053**　　**856.797.1447  Fax**

Vincent D'Elia　　　　　　　　　　delia@delialawfirm.com
Teresa M. Lentini*　　　　　　　　　teresa@delialawfirm.com
Kirk N. Pavoni, Jr.*　　　　　　　　kpavoni@delialawfirm.com

*admitted PA and NJ Bar

July 31, 2012

**Via Email and Regular Mail**
John A. Yacovelle, Esquire
8438 Mackall Road
St. Leonard, MD  20685

Re:　　Jake Ball Trust v. Matthew Durst
　　　　Docket No. C-9-12

Dear John:

As a result of Judge McDonnell's ruling from last Friday, I am now going to proceed with discovery.

Given that you are a witness in this case and will be called upon to testify concerning the facts and circumstances of the settlement (among other things) I believe it is imperative that you withdraw from the case.

I have raised this issue with you before on several occasions but, I regret, that at this point there are no choices left.

I would appreciate if you would advise me by the end of the week of your position with regard to withdrawing from the case.  If I do not hear from you by then I will have to proceed accordingly.

Please advise.

Very truly yours,

THE D'ELIA LAW FIRM, LLC

By:_____
　　　　Vincent D'Elia

VDE/crf
cc:　　Mr. Steven Durst
F:\FILES\7869 - Matthew Durst, Trustee Jake Ball Trust and Steven Durst v. Hoffman, et al\correspondence\yacovelle judge ruling ltr.doc

LAW OFFICE

# JOHN A. YACOVELLE

8438 MACKALL ROAD
ST. LEONARD, MD 20685
PHONE OR FAX 1-888-819-3736
EMAIL: yacovelle@hughes.net

MEMBER MARYLAND, NEW JERSEY
& DISTRICT OF COLUMBIA BARS

August 3, 2012


Vincent D'Elia, Esq.
The D'Elia Law Firm, LLC
13000 Lincoln Drive West, Suite 300
Marlton, New Jersey 08053

**Re: DURST v. DURST, Docket No. C-9-12**

Dear Vince:

As promised, here is my position on your request of July 31, 2012 that I withdraw from the above matter. I appreciate your raising the issue in the manner that you did and I have given the subject serious consideration. I believe that such matters are too important to engage in hair-splitting or feeble efforts at justification. Having carefully considered your request, I respectfully decline to withdraw for the following reasons:

1. First, I am in the process of preparing a Notice of Motion for Leave to Appeal and a Motion for Summary Reversal of the recent Order denying the motion to dismiss the complaint. Until those matters are resolved, we don't even know if there is a case from which to withdraw.

2. Assuming that those motions are denied and that the case is going to proceed, an Answer and Counterclaims have to be filed. I have considered what the issues would likely be and can conceive of no issue on which I would offer myself as a witness. Nor, for that matter, can I visualize any likelihood that I would be a "necessary" witness (RPC 3.7(a)).

Basically, there are two general categories of claims in issue here: those relating to the Accounting, of which I know next to nothing, and those relating to the settlement, of which I have considerable knowledge. Along that line, I believe that both of those claims will ultimately be barred by res adjudicata/collateral estoppel. If I am wrong on both counts, I am not a witness at all in the Accounting claims and I am not a "necessary" witness in the settlement claims. Aside from privileged attorney-client material, what I know about the settlement is also known in whole or in part by my client; Bruce Goodman; Chris Anderson;

1

Andi Gaffin; Steve Hladik; Dave Onorato; Mediator John Kerns; and, of course, Steve Durst. How could I possibly be "necessary"?

Of course, you might have in mind serving me with a deposition notice, but under the circumstances my intuition tells me that if doing that could get rid of your adversary, adversaries would be dropping like flies.

3.    Besides all that, RPC 3.7 has an exception that applies even where the lawyer is a "necessary witness". It is section (3) "disqualification of the lawyer would work a substantial hardship on the client". That is clearly the case here, as your client Steve Durst well knows. Matt works two jobs, 80 hours a week, to maintain a family of five.   He could not afford to pay a new lawyer to review the file, much less research the law and proceed with the necessary steps in the litigation. The result of my disqualification would be entry of a default judgment against him in whatever amount Steve thought was best that day, which would, of course, be uncollectible.   But it isn't really about money, is it? This is clearly a situation where a very substantial hardship would be worked on Matt even if I were a necessary witness, which, of course, I am not.

        For all of these reasons, I decline the opportunity to withdraw.


Respectfully,

JOHN A. YACOVELLE

Law Office, John A. Yacovelle
8438 Mackall Rd.
St. Leonard, MD 20685
888-819-3736
410-586-3344

---

**STEVEN DURST**
**and REUBEN DURST,**

      **Plaintiffs**

      **Vs.**

**MATTHEW DURST,**
**Defendant**

**Superior Court of New Jersey**
**Chancery Division, General**
**Equity**
**Cumberland County**
**Civil Action**

**Docket No.: C-9-12**

---

## BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

### FACTS

    This court is thoroughly familiar with the facts of the case, now on appeal, which gave rise to this one. In particular, the court will recall the Mediated settlement which Your Honor upheld and enforced by Order of July 27, 2012.

    The facts specific to this motion are simple enough. Mr. D'Elia reiterated a request he has made from time to time for me to abandon my client, and withdraw from the case or, as Steve has put it "Get Out!". The device utilized is hardly original. He first wrote that I was a witness, (Exhibit "A" to Certification), and we know that a lawyer is not supposed to

1

undertake representation of a client where he is likely to be a "necessary" witness in the case. **RPC 3.7, Lawyer as Witness**. Following a response which declined the withdrawal option on two grounds-- both drawn from the RPC-- one that I am not a "necessary" witness, there being plenty of witnesses who share my unprivileged knowledge of operative facts, and two, that even if I were, the withdrawal would work a disastrous (not "substantial") hardship on the client. (See Exhibit "B" attached to Certification). Since I have no intention of offering myself as a witness, and since there are many available witnesses to the same proceedings in which I have participated, none of whom have been deposed or otherwise questioned, Mr. D'Elia has attempted to make me a witness by noticing me for a deposition. His real purpose is obvious—get rid of the adversary and such a maneuver should be blocked by entry of a protective order.

## LAW

The issue is controlled by **Kerr v. Able Sanitary and Environmental Services, Inc., 295 N.J. Super. 147 (App.Div. 1996).** In that case, Haley, an attorney for the plaintiffs, had communications with the press and the DEP which gave rise to a suspicion that he had "independent knowledge" concerning certain facts and defendants subpoenaed him for a deposition. The law division judge denied a motion to quash the subpoena and suggested that the court was suspicious of "what was going on" as a result of Haley's contact with the press.

The Appellate Division granted Haley leave to appeal from the order below and reversed. The court first noted that the matter was one of first impression in the state. It followed with the observation that there is no general prohibition against obtaining the deposition of opposing counsel

regarding relevant, non-privileged information.  On the other hand, the court was mindful that "attorney depositions frequently interfere with the adversarial process by inviting delay, disruption, harassment, and perhaps even disqualification of the attorney from further representation of the client in the underlying litigation." **295 N.J. Super. at 155.**

The court went on to analyze the situation in the context of the Protective Order rule, **R.4:10-3**, particularly the question of who has the burden of proof when that rule is invoked.  While generally, the party seeking protection of the rule has the burden, the court announced a different rule to guide lower courts in New Jersey when the proposed deponent is an attorney engaged in the case:

> "Our review of these cases persuades us that the request to depose a party's attorney itself constitutes presumptive 'good cause' for a protective order under R.4:10-3(a)." **Id. at 158.**

In order to overcome the presumption, the party requesting the deposition must show that the information sought is relevant to the underlying action and is unlikely to be available by less oppressive means. **Id. at 159.**  The court then provided the analytical tools to be utilized in considering applications such as this one:

> "[T]he court should consider the following factors:  (1) the relative quality of the information purportedly in the attorney's knowledge, and the extent to which the proponent of the deposition can demonstrate the attorney possesses such information; (2) the availability of the information from other sources that are less intrusive into the adversarial process, *i.e.,* the extent to which all other reasonable alternatives have been pursued to no avail; (3) the extent to which the deposition may invade work product immunity or attorney-client privilege; and (4) the possible harm to the party's representational rights by its attorney if called upon to give deposition testimony, *i.e.,* the extent to which the deposition will

affect attorney preparation or participation on behalf of the client."**Ibid.**

Based on the Certification filed herewith, it may be safely assumed that the movant possesses knowledge of the events of October 3 and 4th relating to the Mediation and the settlement, although such knowledge is as interwoven as can be imagined with attorney-client communications and utilization of attorney work product. That aside, it is clear that information on those proceedings is available from numerous less-intrusive sources, including both Steve Durst and the defendant Matt Durst, the Mediator, and the numerous Goodman staff and attorney attendees who did not miss a moment of the proceedings. There is not even a suggestion that any effort has been made to glean the facts from any of them.   It is also clear that whenever my client and I were sent off to a separate room, out of the hearing of the rest of those witnesses, our conversations were privileged either as attorney-client communications, work product, or both.   Finally, in the extreme case where the movant actually was to become a witness in the case, that would obviously reflect unfavorably on his ability to try the case; were he to withdraw, the client would be left entirely at sea.

For all of the foregoing reasons, it is submitted that the presumption of **Kerr v. Able, supra,** has not been rebutted and that a protective order precluding the requested deposition should be entered.

Respectfully,

JOHN A. YACOVELLE
Attorney for Defendant

Dated: 8/16/2012

Law Office, John A. Yacovelle
8438 Mackall Rd.
St. Leonard, MD 20685
888-819-3736,
410-586-3344

---

**JAKE BALL TRUST, STEVEN DURST
and REUBEN DURST,**

     **Plaintiffs**

       **Vs.**


   **MATTHEW DURST,**
    **Defendant**

---

**Superior Court of New Jersey
Chancery Division, General
Equity
Cumberland County
Civil Action**

**Docket No.: C-9-12**

   **ORDER**

     This matter being opened to the Court by John A. Yacovelle, Esq., attorney for defendant, Matthew Durst, by Notice of Motion for a Protective Order filed herein, and the Court having considered the moving papers, opposition papers, if any, and oral arguments of the parties, if any, and for good cause shown,

     **IT IS**, on this _____ day of,_____ 2012, **ORDERED** that the deposition notice calling for the deposition of John A. Yacovelle, Esq. on September 20, 2012, **BE, and IS HEREBY, QUASHED,** and that said deposition shall not proceed.

Dated:                       _____

                                                P.J. Ch.