**The D'Elia Law Firm, LLC**
By: Vincent D'Elia, Esquire
13000 Lincoln Drive West, Suite 300
Marlton, New Jersey 08053
Phone (856) 797-9777
Fax (856) 797-1447
e-mail: delia@delialawfirm.com
Attorneys for Plaintiffs, Steven Durst and Reuben Durst

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Steven Durst and Reuben Durst<br><br>Plaintiff<br><br>v.<br><br>Matthew Durst<br><br>Defendant | **CIVIL ACTION**<br>No. 1:12-cv-05255-JBS-JS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT AND REMOVE JOHN A. YACOVELLE, ESQUIRE AS ATTORNEY FOR MATTHEW DURST** |

F.R.C.P. 15 provides:

(a) Amendments before trial.

(2) *Other amendments.*

In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give the leave justice so requires.

There are no statute of limitation issues. The power of the Court to grant leave to file the Amended Complaint is inherent. *Clark, Code Pleading* (1928), pp. 498, 509, (note, the subdivision (a), Federal Rule of Civil Procedure 15).

In the State Litigation, Matthew Durst, Trustee entered into a settlement agreement on December 16, 2011. Reuben Durst, Trustee and Steven Durst, Trustee filed motions to intervene and to set aside the settlement on December 28, 2011. The New Jersey Superior Court granted Matthew Durst's motion to enforce the settlement agreement rendering Reuben Durst and Steven Durst's motions to intervene moot. Thus, the statute of limitations has not expired.

The statute of limitations has not expired as to Defendants, Halloran & Sage, LLP, Robinson & Cole, LLP and Kelly Galica-Peck who prepared the original Jake Ball Trust Agreement in November 29, 2004 and thereafter amended and restated the entire Trust Agreement on May 10, 2007 and a second amendment and restatement of the entire Trust Agreement on December 24, 2007. Steven Durst, Grantor, was unaware that the written and oral representations made by Halloran, Robinson & Peck as to the Trust and Amendments were in fact, not true, misleading negligently and/or willfully misdrafted and/or omitted the represented terms. Steven Durst was precluded from knowing the terms of the settlement agreement in December 2011 by Matthew Durst, Trustee and Yacovelle. Steven Durst attempted to intervene and enforce his rights pursuant to the Trust Agreement and discovered Peck, Halloran and Robinson's negligence and/or willful misconduct.

The December 24, 2007, Second Amended and Restated Jake Ball Trust Agreement clearly lists Steven Durst as the Grantor and Trustee on page 30 of the agreement. Steven Durst is already a Plaintiff in this matter individually and must be named as a Trustee pursuant to the Agreement. Additionally, F.R.C.P. Rule 17 permits a trustee to represent beneficiaries without naming them, however, it does not preclude

the naming of the beneficiaries. In this matter, the dispute has arisen between the Co-Trustees. Trustee, Matthew Durst's, settlement agreement from the State Litigation divested the Trust of almost all the trust assets. Both Steven Durst, Trustee and Reuben Durst, Trustee petition this Court to name all the beneficiaries as parties because they are real parties in interest and the State Court Settlement Agreement materially affects distribution to them as beneficiaries. Many of the beneficiaries are of adult age and may wish to retain their own counsel to participate in this litigation to protect their rights. Reuben Durst, Trustee and Steven Durst, Grantor and Trustee believe it is prudent and appropriate for the beneficiaries, as real parties in interest, to be named as parties in this matter.

Plaintiffs further petition this Court to allow an amendment to their Complaint to name John Yacovelle as a Defendant in this matter. Mr. Yacovelle is an attorney licensed to practice law in the State of New Jersey and represented Trustee, Matthew Durst in the State Litigation who entered into an unauthorized Settlement Agreement without the knowledge or approval of Reuben Durst, Trustee. As an attorney, John Yacovelle had the duty to review all language of the Trust Agreement and, was not an innocent third party. He had no right to rely upon the alleged representation of Matthew Durst that he had authority to enter into the Agreement, without the knowledge or approval of Co-Trustee, Reuben Durst. The State Litigation involved the Jake Ball Trust and Mr. Yacovelle either knew or should have known the terms of the Trust Agreement.

As Mr. Yacovelle is currently representing Defendant, Matthew Durst, Trustee in the instant matter, once the amendment is filed, he will be a party defendant and will have a conflict of interest, as well as be in violation of attorney professional rules

regarding representation and testifying in Court. Accordingly, Plaintiffs respectfully request this Court order disqualify Yacovelle and order him to withdraw as counsel and further allow Matthew Durst, Trustee thirty days in which to have new counsel enter his appearance.

Plaintiff's respectfully requests this Court to grant its Motion to Amend its Complaint and file same within ten days of the date of this Court's Order and thereafter remand the matter to State Court for further proceedings.

THE D'ELIA LAW FIRM, LLC

By: s/Vincent D'Elia
Vincent D'Elia, Esquire
Attorneys for Plaintiffs, Steven Durst and Reuben Durst

Dated: November 8, 2012

F:\FILES\7869 - Matthew Durst, Trustee Jake Ball Trust and Steven Durst v. Hoffman, et al\pleadings - DISTRICT COURT\memo of law in support of motion to amend complaint.doc