**The D'Elia Law Firm, LLC**
By: Vincent D'Elia, Esquire
13000 Lincoln Drive West, Suite 300
Marlton, New Jersey 08053
Phone (856) 797-9777
Fax    (856) 797-1447
e-mail: delia@delialawfirm.com
Attorneys for Plaintiffs, Jake Ball Trust, Steven Durst and Reuben Durst

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Reuben Durst, Trustee, Steven Durst, individually and as Trustee<br><br>Plaintiff<br><br>v.<br><br>Matthew Durst, individually and as Trustee, Halloran & Sage, LLP, Robinson & Cole, LLP and Kelley Galica-Peck<br><br>Defendant | **CIVIL ACTION**<br>No. 1:12-cv-05255-JBS-JS<br><br>**AMENDED COMPLAINT** |

Plaintiffs, Reuben Durst, Trustee, Steven Durst, individually and as Trustee, (collectively "Plaintiffs") by way of Amended Complaint state:

1.  Steven Durst is the Grantor and Trustee of the Jake Ball Trust ("Trust") and resident of the State of New Jersey. His primary address is 23 Oakwood Drive, Medford, New Jersey 08055.

2.  The Trust was created pursuant to the "Jake Ball Trust Agreement by and between Steven Durst as Grantor and Matthew Durst and Reuben H. Durst as Co-Trustees dated November 29, 2004 as amended and restated on May 10, 2007 (First Amendment and Restatement) and December 24, 2007 (Second Amendment and Restatement) in its entirety. ("Trust").

3. Plaintiff, Reuben Durst is a Co-Trustee of the Trust and resident of Georgia. His primary address is 103 Broad Street, Atlanta, Georgia 30303.

4. Defendant, Matthew Durst was a Co-Trustee of the Trust and resident of Connecticut.

5. Defendant, Halloran & Sage, LLP ("Halloran") is a Connecticut law firm that provides legal services including services in the field of estates and trust law. The primary address is One Goodwin Square, 225 Asylum Street, Hartford, CT 06103.

6. Defendant, Robinson & Cole, LLP ("Robinson") is a Connecticut law firm that provides legal services including services in the field of estates and trust law. The primary address is 280 Trumbull Street, Hartford, CT 06103.

7. Defendant, Kelley Galica-Peck ("Peck") is a Connecticut attorney who was engaged to represent the Trust and is a resident of the State of Connecticut.

8. At various times relevant hereto, Peck was an attorney practicing law with either Halloran or Robinson.

9. Reuben Durst and Steven Durst designate New Jersey as the governing law of the Trust pursuant to Article X(D).

10. The United States District Court for the District of New Jersey possesses subject matter jurisdiction of this case pursuant to 28 U.S.C. Section 1332(a). This statute grants the district courts of the United States jurisdiction over any civil action with an amount in controversy that exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, that are between citizens of different States.

11. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. Section 1391(a)(2). This statute provides that any civil action wherein jurisdiction is founded only on diversity of citizenship may be brought in a judicial district in which a substantial part of property that is the subject of the action is situated.

## INJUNCTIVE RELIEF TO REMOVE DEFENDANT, MATTHEW DURST AS A CO-TRUSTEE OF THE JAKE BALL TRUST

12. Plaintiffs hereby incorporate paragraphs 1-13 as if fully set forth herein.

13. Reuben Durst and Matthew Durst are Co-Trustees of the Trust Agreement.

14. Matthew Durst has fiduciary obligations and responsibilities to the Trust and its beneficiaries pursuant to the Trust Agreement and applicable Statutes and Law.

15. It was agreed by and between the co-trustees, that Matthew Durst would handle the day-to-day ministerial duties of the Trust.

16. At no time did Reuben Durst resign, abandon or abdicate his position as a co-trustee.

17. Matthew Durst entered into Agreements and other major decisions affecting the Trust to the detriment of the Trust without the authorization of Reuben Durst.

18. The Trust was established to provide, among other things, to prioritize for the health, safety and maintenance of certain relatives of the Grantor, Steven Durst.

19. The Priority Beneficiaries of the Trust are:

| Name | Relationship to Steven Durst |
|---|---|
| Loren Durst Mague | Daughter |
| Erica Durst | Daughter |
| Jillian Durst | Daughter |
| Zachary Durst | Son |
| Angelina Stambouli | Daughter |
| Jacquelyn Durst | Daughter |
| Justina Durst | Daughter |
| Michael Marcengill | Son |

hereinafter collectively referred to as the "Priority Beneficiaries."

20. Matthew Durst misappropriated and/or self-dealt with the Trust assets.

21. Matthew Durst's self-dealings included, but were not limited to, the following:

    (a) Unauthorized distributions on behalf of Matthew Durst's son for non-trust related purposes.

    (b) Purchase of athletic equipment, a computer and other non-authorized expenses.

    (c) Provided a disproportionate amount for his child to the exclusion of the other Priority Beneficiaries in violation of the Trust Agreement.

22. In late 2011, Matthew Durst settled a lawsuit in the Superior Court of New Jersey, Cumberland County, Chancery Division, Docket No.: CUM-C-27-10 ("State Litigation"), (the "Settlement") wherein he willfully and with intent to deceive, conveyed trust assets without the knowledge or consent of Reuben Durst, including:

    (a)    An interest in a Millville, New Jersey (the "Millville Asset") shopping center appraised at almost $900,000.00; and

    (b)    Other assets with a value of approximately $300,000.00.

23.    The Settlement called for consideration of only $80,000.00 in exchange for assets valued at approximately $1,200,000.00.

24.    The Millville Asset was encumbered by a Note and Security Agreement payable to Steven Durst in the amount of $500,000.00.

25.    Matthew Durst willfully violated his fiduciary obligations by conveying the Millville Asset.

26.    Matthew Durst willfully failed to provide annual accountings.

27.    Upon gaining knowledge of the Millville transfer Reuben Durst, Loren Durst Mague, Erica Durst, Jillian Durst and Michael Marcengill protested and objected to the unauthorized and ill-conceived conveyance at one-fifteenth of its value and demanded Matthew Durst's resignation.

28.    Despite the objections of all adult Beneficiaries and Reuben Durst, Matthew Durst continued to pursue the Settlement.

29.    Despite the objection of all the adult Beneficiaries and Reuben Durst, Matthew Durst, following the Settlement, illegally, purposefully, willfully and wrongfully disbursed Trust Funds exceeding $80,000.00.

30.    Matthew Durst represented to Steve Durst and Reuben Durst and some of the adult beneficiaries that he resigned as Co-Trustee and would complete a final accounting.

31.    Despite repeated written assurances that he had resigned, Matthew Durst continued to disburse Trust Funds without authorization.

32. Despite his representation that he had resigned as a Co-Trustee, Matthew Durst willfully continued to pursue the ill-conceived Settlement and the conveyance of Trust Assets (including the Millville Asset) at a greatly reduced value.

33. In October of 2011, Matthew Durst promised to turn over all assets of the Trust (including but not limited to the Trust checkbook) to Reuben Durst.

34. On October 20, 2011, Matthew Durst delivered to Reuben Durst a new checkbook purposely omitting the check register and other documents purporting to be all of the liquid assets of the Trust.

35. On December 12, 2011, Reuben Durst, Steve Durst and the Adult Beneficiaries discovered Matthew Durst had wrongfully diverted approximately $35,000.00 from the Trust to a Connecticut attorney's Trust Account.

36. As a result of Matthew Durst's willful misrepresentations of delivery of the Trust liquid assets, the Trust issued checks that were dishonored.

37. Matthew Durst's actions and/or inactions constitute willful misconduct as a Co-Trustee and breach of his fiduciary duties.

38. Matthew Durst's actions and/or inactions were/are breaches of his fiduciary duties and breach of the terms of the Trust Agreement.

WHEREFORE, Plaintiffs demand judgment against Defendant, Matthew Durst:

(a) Ordering Matthew Durst to immediately resign as a Trustee of the Jake Ball Trust.

(b) In the alternative, Ordering the removal of Matthew Durst as a Trustee of the Jake Ball Trust.

(c) To enjoin and restrain Matthew Durst from access to any and all Jake Ball Trust assets.

(d) Ordering the immediate return of all misappropriated funds.

(e) Compensatory damages.

(f) Punitive damages.

(g) For attorney's fees and costs of suit.

(h) Such other relief as the Court deems just and proper.

## LEGAL MALPRACTICE AGAINST DEFENDANTS KELLEY GALICA-PECK, HALLORAN & SAGE, LLP, AND ROBINSON & COLE, LLP

39. Plaintiffs hereby incorporate paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Defendants, Kelley Galica-Peck ("Peck"), Halloran & Sage, LLP ("Halloran") and Robinson & Cole, LLP ("Robinson") (hereinafter collectively referred to as the "Malpractice Defendants") committed and continue to commit acts of legal malpractice.

41. Malpractice Defendants failed to exercise the degree of care reasonably expected from attorneys practicing law in the field of estates and trusts.

42. In the course of representing the Trust, the Malpractice Defendants represented, among other things, that:

   (a) At the inception of the Trust, Steve Durst would have the ability to change trustees and name successor trustees. The Trust documents not only failed to establish this but, in fact, impeded same.

   (b) Prior to the inception of the Trust, the Malpractice Defendants represented to Grantor, Steve Durst, that the Trustee would be required to provide annual accountings. The Trust documents, however, failed to provide for annual accountings.

   (c) The Millville Asset was worth approximately $900,000.00. Paragraph 7.04 of the Operating Agreement for the Millville Asset contained a provision (Paragraph 7.04) that could effectively

destroy the value of the Millville Asset. This despite the fact that Malpractice Defendants acknowledged reading said Operating Agreement.

43. In the course of representing the Trust, the Malpractice Defendants represented that the value of the Millville Asset in the Trust was approximately $900,000.00.

44. Peck represented the Trust Asset were worth approximately $900,000.00.

45. In reliance upon the opinion of the Malpractice Defendants, Steve Durst conveyed the Millville Asset to the Trust.

46. In reliance upon the valuation advice given by the Malpractice Defendants, the Trust executed a Note and Security Agreement in favor of Steve Durst in the amount of $500,000.00 plus interest at 4.79%.

47. Following the execution of the Note and Security Agreement as aforesaid, the Malpractice Defendants failed to file UCC-1 Forms to perfect the security interest.

48. Malpractice Defendants breached their fiduciary obligations to Grantor.

49. In late 2011, Matthew Durst agreed (on behalf of the Trust) to convey the Millville Asset secured by the loan from Steve Durst and contrary to the terms of the Loan Agreements.

50. By email dated December 12, 2011, Peck threatened a "revised strategy" if Co-Trustee Reuben Durst and the Beneficiaries did not approve of Matthew Durst's final accounting irregularities and acts of impropriety by both Matthew Durst and Peck.

51. On or about December 2011, Matthew Durst illicitly removed $35,000.00 of Trust Funds from the Trust checking account and transferred them to the account of

Peck and Robinson in violation of the Trust Agreement and his fiduciary duties as a Trustee.

WHEREFORE, Plaintiffs demand Judgment against all Defendants for:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   Attorney's fees;

(d)   Costs of suit;

(e)   Treble damages;

(e)   Such other relief as the Court deems just and equitable.


THE D'ELIA LAW FIRM, LLC
Attorney for Plaintiffs


By:   s/Vincent D'Elia
      Vincent D'Elia, Esquire

Dated:  February 15, 2013


## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury.

THE D'ELIA LAW FIRM, LLC
Attorney for Plaintiffs


By:   s/Vincent D'Elia
      Vincent D'Elia, Esquire

Dated:  February 15, 2013

9

## DESIGNATION OF TRIAL COUNSEL

Vincent D'Elia, Esquire is hereby designated as trial counsel for Plaintiffs.

                                        THE D'ELIA LAW FIRM, LLC
                                        Attorney for Plaintiffs


                                        By:_____s/Vincent D'Elia___
                                                Vincent D'Elia, Esquire

Dated: February 15, 2013

F:\FILES\7933 (Steve Durst v. Matthew Durst (District Court Case)\pleadings\amended complaint without beneficiaries.doc