[Doc. No. 61]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEVEN DURST and REUBEN DURST, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW DURST, et al., <br><br> Defendants. | Civil No. 12-5255 (JBS/AMD) |

**ORDER**

THIS MATTER having come before the Court by way of Plaintiffs' motion for leave to file a second amended complaint, in order to assert a legal malpractice claim against John A. Yacovelle and the Law Office of John A. Yacovelle (hereinafter, "Yacovelle"), arising out of Yacovelle's involvement in Durst v. Goodmill, LLC, et al., No. C27-10, Superior Court of New Jersey, Cumberland County, Chancery Division (hereinafter, the "state court litigation"), state court litigation concerning assets of the Jake Ball Trust. (See Brief in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint (hereinafter, "Pls.' Mot.") [Doc. No. 61-1], 1-2.) Plaintiffs' proposed amended pleading generally alleges that Yacovelle committed legal malpractice by recommending a settlement of that underlying

1

state court action. (See Pls.' Mot. [Doc. No. 61-14, Ex. M, ¶ 137); and

THE COURT NOTING that by Order dated August 5, 2013, the District Court found that collateral estoppel precludes Plaintiffs "from arguing that the settlement entered into by Matthew Durst" in the underlying state court litigation "was unfair or inequitable" and "from arguing that $600,000" constituted "an unfair valuation of the property at 1600 West Hunting Park." (Order [Doc. No. 65], Aug. 5, 2013, 1); and

THE COURT FURTHER NOTING that by Reply dated August 12, 2013, Plaintiffs filed a "revised proposed Second Amended Complaint[,]" but failed to address the effect of the District Court's August 5, 2013 Order on the viability of Plaintiffs' proposed legal malpractice claim. (Plaintiffs' Reply in Response to Opposition to Motion for Leave to File Second Amended Complaint (hereinafter, "Pls.' Reply") [Doc. No. 66], 3); and

THE COURT FURTHER NOTING that by letter dated August 14, 2013, counsel for Defendant Matthew Durst generally asserts that the District Court's August 5, 2013 Order precludes Plaintiffs from stating a cognizable claim for legal malpractice. (See Response to Motion [Doc. No. 67], 4-5.); and

IT APPEARING TO THE COURT that, the Federal Rules of Civil Procedure generally encourage and provide a liberal policy

2

for amending pleadings.  Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings shall be "freely give[n]" when "justice so requires."  FED. R. CIV. P. 15(a)(2).  However, even though "leave should be 'freely given when justice so requires,' ... 'a District Court may deny leave to amend on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile.'" Winer Family Trust v. Queen, 503 F.3d 319, 330-331 (3d Cir. 2007).  An amendment would be futile "if 'it is frivolous or advances a claim or defense that is legally insufficient on its face.'" Harris v. Bristol-Myers Squibb Co., No. 11-6004, 2013 WL 5407193, at *3 (D.N.J. Sept. 25, 2013) (quoting Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990)). In determining futility, the Court employs the "'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'" Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)); see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). Consequently, a proposed amended complaint would be futile where the plaintiff "has failed to state a valid claim" because the plaintiff cannot establish a necessary element, "and there is no reasonable

prospect" of curing "the flaws." Stacey v. City of Hermitage, No. 02-1911, 2008 WL 941642, at *8 (W.D. Pa. Apr. 7, 2008) (denying plaintiff's motion to amend to assert a legal malpractice claim against defendants as futile); see also Love v. N.J. Dep't of Corr., No. 10-1714, 2011 WL 345964, at *27-*28 (D.N.J. Jan. 31, 2011) (denying plaintiff's motion to amend where the proposed claims were based on the same allegations that the court had previously concluded failed to state a cognizable claim). Here, the District Court's August 5, 2013 Order clearly implicates the allegations raised by Plaintiffs' proposed legal malpractice claim. (See generally Order [Doc. No. 65], Aug. 5, 2013, 1.) Counsel for Defendant Matthew Durst acknowledges that the Court may require this matter to "be re-moved and re-briefed[,]" in light of the District Court's August 5, 2013 Order. (See Response to Motion [Doc. No. 67], 5.) The Court further notes that Plaintiffs have not set forth, with specificity, whether and why the proposed legal malpractice claim remains cognizable, notwithstanding the District Court's decision. Consequently, for the reasons set forth herein, and for good cause shown:

    IT IS on this 23rd day of December 2013,

    **ORDERED** that Plaintiffs' Second Motion to Amend [Doc. No. 61] shall be, and hereby is, **DISMISSED WITHOUT PREJUDICE**, and it is further

**ORDERED** that any renewed motion to amend shall address, with specificity, the viability of any proposed amended complaint in light of the District Court's August 5, 2013 Order, and shall be filed no later than **January 14, 2014**.


              s/ Ann Marie Donio
              ANN MARIE DONIO
              UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jerome B. Simandle