STEPHEN M. HLADIK, ESQUIRE
ATTORNEY ID. NO. 047471992
HLADIK, ONORATO & PEARLSTINE, LLP
298 Wissahickon Avenue
P.O. Box 1489
North Wales, PA 19454
(215) 855-9521
shladik@hoplawyers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REUBEN DURST, TRUSTEE, STEVEN DURST, INDIVIDUALLY AND AS TRUSTEE,<br>*Plaintiffs*,<br><br>v.<br><br>MATTHEW DURST, INDIVIDUALLY AND AS TRUSTEE, HALLORAN & SAGE, LLP, ROBINSON & COLE, LLP, AND KELLEY GALICA-PECK,<br>*Defendants*. | CIVIL ACTION<br><br>NO: 1:12-cv-05255-JBS-AMD<br><br>**BRIEF IN SUPPORT OF MOTION OF BRUCE A. GOODMAN TO INTERVENE PURSUANT TO Fed. R. Civ. P. 24 AND TO SEAL OR STRIKE CERTIFICATION** |

## TABLE OF CONTENTS

I. Statement of the Case .................................................................4

II. Statement of Questions Involved................................................. 4

III. Statement of Facts Related to this Motion................................. 5

IV. Argument.................................................................................. 7

V. Conclusion ............................................................................... 10

## TABLE OF AUTHORITIES

**CASES**

Glover v. Ferrero USA, Inc., 2011 WL 5007805 (D.N.J.).

In re Johnson & Johnson Derivative Litigation, 900 F. Supp.2d 467, 475 (D.N.J., 2012).

Kleissler v. United States Forest Service, 157 F.3d 964, 969 (3d Cir. 1998).

**RULES**

Fed. R. Civ. P. 24

LOCAL CIV. RULE 5.3

## I. STATEMENT OF THE CASE.

This civil action was removed to this Court in August of 2012. On August 5, 2013, this Court granted a Motion for Partial Summary Judgment in favor of Matthew Durst. On December 23, 2013, the Court entered an Order dismissing the Plaintiffs' Second Motion to Amend, without prejudice, and requiring that any renewed motion address with specificity the viability of any proposed amended complaint in light of the Order of August 5, 2013. The time for such renewed motion was set for February 3, 2014. A Motion for Leave to File Second Amended Complaint was filed on February 3, 2014.

Included with the Motion for Leave to Amend was a Certification of Steven Durst. The proposed Intervenor, Bruce A. Goodman ("Goodman"), seeks to intervene pursuant to Fed. R. Civ. P. 24, for the limited purpose of moving under Local Rule Civ. P. 5.3(c) to strike from the record or, in the alternative, seal or otherwise restrict public access a "Certification of Steven Durst" dated February 3, 2014.

## II. STATEMENT OF QUESTIONS INVOLVED.

1. SHOULD THE MOVANT BE GRANTED LEAVE TO INTERVENE UNDER Fed. R. Civ. P. 24(a) AS A PARTY FOR THE LIMITED PURPOSE OF BEING PERMITTED TO MOVE PURSUANT TO LOCAL CIVIL RULE 5.3 TO STRIKE A CERTIFICATION, OR, IN THE ALTERNATIVE, RESTRICT PUBLIC ACCESS TO IT?

2. SHOULD THE MOVANT BE PERMITTED TO INTERVENE AS A PARTY UNDER Fed. R. Civ. P. 24(b) FOR THE LIMITED PURPOSE OF BEING PERMITTED TO MOVE TO STRIKE THE CERTIFICATION, OR, IN THE ALTERNATIVE, RESTRICT PUBLIC ACCESS TO IT?

## III. STATEMENT OF THE FACTS RELATED TO THIS MOTION.

Goodman is an individual and resident of the Commonwealth of Pennsylvania with a business address at 636 Old York Road, Second Floor, Jenkintown, PA 19046. As noted by the Court in the Opinion of August 5, 2013, Goodman was a party to the prior action brought by Matthew Durst, on behalf of the Jake Ball Trust, in the Superior Court of New Jersey, Cumberland County, Chancery Division (the "Jake Ball Case") which was settled and the settlement upheld by the Chancery Division over the objections of Steven Durst ("Durst"). In addition to the Jake Ball Case, Goodman was involved in litigation with Durst, which litigation was concluded with a Confidential Settlement Agreement and Mutual General Release of Claims dated June 22, 2011 (the "Settlement Agreement"). Attached hereto as Exhibit "A" are true and correct copies of the first page, the ninth page and signature pages of the Settlement Agreement. The remaining portions of the Settlement Agreement are not germane to this Motion and filing of them with the Court would defeat the parties' expectation of confidentiality of the terms of the Settlement Agreement.

Among other things, pursuant to the Settlement Agreement, as set forth on the attached page nine, Durst promised and agreed as follows:

> 18. <u>No Disparaging Remarks</u>. Each Party warrants that they will not, at any time, make public or private comments or take actions which disparage, or are disparaging, derogatory or negative statements about the other Party including, but not limited to comments concerning their respective businesses, services, finances, policies, or decisions. Durst and Goodman agree to conduct themselves at all times in the future in a manner respectful of each other's rights and privileges and to refrain from engaging in any action detrimental to the other's personal business and professional welfare. The covenants set forth in this Section 18 constitute material terms of the Agreement. The covenants set forth in this Section 18 constitute additional consideration exchanged by the Parties, and a breach of any covenant in this Section 18 shall constitute a material breach of this Agreement.

On August 5, 2013, this Court entered an Order and issued an Opinion granting a Motion for Partial Summary Judgment in favor of Matthew Durst. This Order precluded the Plaintiffs from re-litigating issues related to the valuation of a property at 1600 West Hunting Park in Philadelphia and the propriety and fairness of the settlement in the Jack Ball Case. As noted in the Opinion, after that settlement Durst attempted to prevent the settlement resulting in motion in the Superior Court to enforce the settlement (Slip Opinion at 3-4), but ultimately, the settlement was sustained. (Slip Opinion at 6-7).

This Court quoted the Chancery Court's opinion noting the "unhappiness" of the Plaintiffs with the settlement, but finding no actual evidence supporting the claims of unfairness. (Slip Opinion at 6). Since the Plaintiffs had had the opportunity to litigate, *inter alia*, their claim about the valuation of the property at 1600 West Hunting Park Avenue, this Court held them estopped from re-litigation of that issue.

On or about February 3, 2014, Durst filed with this Court a document styled as a "Certification of Steven Durst." In this Certification, Durst makes defamatory allegations and claims against the Goodman in direct contravention of his undertakings under Paragraph 18 of the Settlement Agreement, *see, inter alia*, Paragraphs 32, 34 and 35. Given the disposition of the claims by the Court's August 5, 2013 Order and Opinion, none of these allegations are pertinent or material to any claims actually pending before the Court.

6

## IV. ARGUMENT.

1. THE MOVANT SHOULD BE PERMITTED TO INTERVENE AS A PARTY FOR THE LIMITED PURPOSE OF BEING PERMITTED TO MOVE TO STRIKE THE CERTIFICATION OR, IN THE ALTERNATIVE, RESTRICT PUBLIC ACCESS TO IT.

Rule 24 provides for the intervention as of right by anyone who files a timely motion to intervene and who "claims an interest or defense that shares with the main action a common question of law or fact." A court should consider in exercising its discretion whether the proposed intervention would unduly delay or prejudice the determination as to the original parties. Fed. R. Civ. P. 24(b)(3).

The Third Circuit has held that there are four elements to be proven for intervention of right: "first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." Kleissler v. United States Forest Service, 157 F.3d 964, 969 (3d. Cir. 1998). See also, In re Johnson & Johnson Derivative Litigation, 900 F. Supp. 2d 467, 475 (D.N.J. 2012), Glover v. Ferrero USA, Inc., 2011 WL 5007805 (D.N.J.).

Here, the matter as to which the proposed Intervenor seeks to intervene is as to the Certification filed on February 3, 2014 and this Motion is being presented within eighteen days of such filing and within two weeks of the Movant becoming aware of such filing. This prompt filing meets the timeliness prong of the intervention test.

On the issue of sufficiency of interest, the Court of Appeals has stated that Rule 24 contemplates "pragmatism" and "elasticity" in its application and a preference for intervention as

a matter of judicial economy over "subsequent collateral attacks." Kleissler v. United States Forest Service, *supra*, 157 F.3d at 970.

Here the proposed Intervenor has an interest related to the Certification filed in support of the Motion for Leave to File Second Amended Complaint. The Certification clearly violates the non-disparagement provisions of Paragraph 18 of the Settlement Agreement. It clearly was written with the intent to disparage Goodman in violation the terms of the Settlement Agreement. It also was clearly written in defiance of the directive of this Court that valuation of the Hunting Park Avenue property and Jake Ball Trust's settlement with Goodman were precluded from being issues in this case. The "unhappiness" identified by the Chancery Court has ripened into malice, malevolence and nastiness. Given the Court's Opinion of August 5, 2013 and the Order of December 23, 2013, Durst knew or had reason to know that his beliefs and opinions were not germane or pertinent to any claims still in the case or potentially to be raised as part of a claim against John Yacovelle. The fact that Durst's intentions were vindictive is revealed by his statement in Paragraph 35 predicting that his "revelations" will engender "outrage."

It is material to the proposed intervention that the Certification is largely in violation of Local Civ. Rule 7.2(a) which provides that "certifications … shall be restricted to statements of fact within the personal knowledge of the signatory. Argument of the facts and the law shall not be contained in such documents. Legal arguments and summations in such documents will be disregarded by the Court and may subject the signatory to appropriate censure, sanctions or both." First of all, the Certification acknowledges that much of what is being presented is contrary to the Court's order and the Opinion of August 5, 2013. Having been precluded from re-litigation on the valuation issue, Durst proceeds to set forth the same arguments that failed in the past, albeit with a nastier tone. The Certification is replete with argumentative statements

8

such that, for example, something seems "a lot fishy." (Paragraph 34). Finally, the Certification attaches two newspaper clippings which under no stretch of the imagination could be matters of personal knowledge of the signatory, Durst and with innuendo of attempting to attach the allegations of those stories somehow reflecting on the "integrity" of Goodman.

The statements of the Certification are disparaging in violation of the Settlement Agreement, they are defamatory under the common law and they are not privileged since they do not relate to any pertinent issue in this pending case. While Goodman has (and will assert) his rights in an appropriate action under the Settlement Agreement, such remedy is insufficient given that the Certification has been filed under the Court's CM/ECF system and thus available for viewing and dissemination far into the future. In the absence of being granted party status to file a motion under Local Civ. Rule 5.3 for a protective order striking the Certification, the Movant will not have any adequate remedy. Even the ultimate dismissal of the action or the very probable action of this Court is disregarding the Certification will not prevent the impairment of Goodman's rights.

Finally, there does not appear to be any adequate representation of Goodman's interests by any existing party to this action.

2. THE MOVANT SHOULD BE PERMITTED TO INTERVENE AS A PARTY UNDER Fed. R. Civ. P. 24(b) FOR THE LIMITED PURPOSE OF BEING PERMITTED TO MOVE TO STRIKE THE CERTIFICATION, OR, IN THE ALTERNATIVE, RESTRICT PUBLIC ACCESS TO IT.

Assuming that the Court determines that the Movant cannot be granted leave to intervene as of right under Fed. R. Civ. P. 24(a), then he should be granted permission to intervene under Fed. R. Civ. P. 26(b). Under that provision of Rule 24, a proposed intervenor "must show that:

(1) its motion is timely; (2) it has questions of law or fact in common with the anchoring suit; and (3) intervention will not cause undue delay or prejudice for the original parties. If a third party can satisfy all of these requirements, the court may, in its discretion, grant that third party permissive intervention." In re Johnson & Johnson Derivative Litigation, *supra*, 900 F. Supp.2d at 478.

All of the previous discussion set forth above supports a basis for permissive intervention by Goodman. The motion is timely. There are questions of law and fact in common with the case before the Court although the proposed Intervenor intends only to become in involved in having the Certification stricken and removed from the record. Such action would not delay the action or prejudice any party

In the Johnson & Johnson case, the Court denied the permissive intervention of a shareholder in a derivative action, but stated that the refusal to grant permissive intervention did not prevent the shareholder from having a right to appeal the underlying action; that his proposed motion to dismiss could be addressed as an objection to the proposed settlement without intervention; and finally, his interests were already represented. In re Johnson & Johnson Derivative Litigation, supra 900 F. Supp.2d at 478. Here none of those factors militate against granting the proposed Intervenor the right to intervene for the limited purpose proposed by him.

## V. CONCLUSION

For the foregoing reasons, the Motion to Intervene for the limited purpose of filing a Motion to Strike the Certification of Steven Durst should be granted.

Respectfully submitted,

HLADIK, ONORATO &, PEARLSTINE, LLP

BY: _____
Stephen M. Hladik, Esquire

## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## MUTUAL GENERAL RELEASE OF CLAIMS

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE OF CLAIMS ("Agreement") is made and entered into this 22d day of June, 2011, by and between STEVEN DURST (hereinafter referred to as "Durst") and BRUCE A. GOODMAN, individually and t/a GOODMAN PROPERTIES and GOODMAN MANAGEMENT, LLC (hereinafter, collectively, referred to as "Goodman"). As sometimes used herein, "Goodman" includes the company and its respective divisions, parents, subsidiaries, affiliates and/or related companies and all of their respective past, present and future owners, officers, directors, partners, members, employees, agents and insurers, shareholders, contractors, attorneys, spouses, and their respective heirs, executors, administrators, successors and assigns. Goodman and Durst shall be referred to herein either as a "Party" and/or as the "Parties."

### RECITALS

WHEREAS, Durst and Goodman maintained a business relationship, including wherein Durst was an employee of Goodman; and

WHEREAS, Durst and his family reside at the premises of which Bruce A. Goodman, is the record title owner, and which is located at 23 Oakwood Drive, Medford, New Jersey, 08055 (the "NJ Property"); and

WHEREAS, in or around June 2010, Durst became separated from the employment of Goodman; and

WHEREAS, a dispute has arisen between the Parties with respect to the monies due and owing between Durst on the one side, and Bruce A. Goodman and certain affiliated parties on the other side, in connection with their business relationships and employment relationship; and

WHEREAS, a dispute has arisen between Durst and Bruce A. Goodman with respect to the ownership interest of the NJ Property; and

WHEREAS, legal proceedings were initially commenced by Goodman against Durst by the filing of a Writ of Summons, Docket Number 2010-17514, in the Court of Common Pleas of Montgomery County, Pennsylvania; and

WHEREAS, following the filing of the aforementioned Writ of Summons, Goodman filed another action by filing a Complaint against Durst, Docket Number 2010-21254, in the Court of Common Pleas of Montgomery County, Pennsylvania (the "Montgomery County Lawsuit"); and



to resolve the asserted claims in the underlying lawsuits, and to execute this Agreement; and (h) that neither Party has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims that in any way arise out of, relate to, result from, or are in any way connected with the subject of the underlying lawsuits or which could have been made the subject of the underlying lawsuits.

17. <u>No Admission of Liability</u>. This Agreement shall not in any way be construed as an admission by either Party that it/he acted wrongfully and/or illegally in any manner with respect to the other Party and/or any of the matters/claims released in this Agreement. This Agreement shall not be admissible as evidence of any admission of liability, wrongdoing or a violation of any law in any proceeding under federal, state or local law.

18. <u>No Disparaging Remarks</u>.  Each Party warrants that they will not, at any time, make public or private comments or take any actions which disparage, or are disparaging, derogatory or negative statements about the other Party including, but not limited to, comments concerning their respective businesses, services, finances, policies, or decisions. Durst and Goodman agree to conduct themselves at all times in the future in a manner respectful of each other's rights and privileges and to refrain from engaging in any action detrimental to the other's personal, business and professional welfare. The covenants set forth in this Section 18 constitute material terms of the Agreement. The covenants set forth in this Section 18 constitute additional consideration exchanged by the Parties, and a breach of any covenant in this Section 18 shall constitute a material breach of this Agreement.

19. <u>Confidentiality</u>. Neither of the Parties, nor anyone representing them and/or acting on their behalf, shall disclose the terms of this Agreement including, but not limited to, the claims and defenses set forth in the underlying lawsuits, to any person other than their spouses, accountants, financial advisors, lawyers or as required by law, or for purposes of enforcing this Agreement. In the event that either Party, anyone representing them and/or acting on their behalf, makes a disclosure permitted by this provision, the disclosing party shall inform the individual to whom the disclosure was made of this confidentiality provision, and instruct such individual that the disclosed information is not to be disclosed to any other person. The covenant set forth in this Section 19 constitutes a material term of the Agreement. The covenant set forth in this Section 19 constitutes additional consideration exchanged by the Parties, and a breach of this Section 19 shall constitute a material breach of this Agreement.

20. <u>No Re-Employment</u>. Durst agrees that he shall not apply for any position in the future with Goodman.

21. <u>Entire Agreement, Modification and Waiver</u>. This Agreement sets forth the entire understanding of the Parties with respect to the subject matter hereof and supersedes and voids all previous agreements, policies and practices between Goodman and Durst, whether written or oral, relating to the subject matter hereof. This Agreement can be modified only in writing, signed by all of the Parties hereto. The waiver by either Party of a breach or violation of any provision of this Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of the same or other provision hereof.

    f. Durst acknowledges that once he signs this Agreement, he has seven (7) days to revoke it. Durst may do so by delivering to Andee Gaffin, Human Resources Director, Goodman Properties, 636 Old York Road, Second Floor, Jenkintown, PA 19046, a written notice of his revocation within the seven-day revocation period. This Agreement will become effective on the 8th day after Durst signs it, provided that he does not revoke it during the seven-day revocation period.

27. <u>Miscellaneous</u>

    a. The Parties acknowledge that this Agreement is a collective product and shall not be construed for or against any Party on the ground of sole authorship.

    b. All of the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

    c. The Parties agree to cooperate and execute any further documents reasonably necessary to effectuate this Agreement, including the stipulations of dismissal with prejudice for the First E.D. Case and Second E.D. case, any documents necessary to effect the referenced transaction relating to the NJ Property, and any documents as are reasonably necessary to effecting the easement for and implementation of the Bottino Solar Project referenced herein.

   IN WITNESS WHEREOF, the Parties hereto have signed this Agreement as of the day and year written above.

_____  _____
Witness            STEVEN DURST


_____  _____
Witness            BRUCE A. GOODMAN,
               Individually and t/a
               GOODMAN PROPERTIES


               GOODMAN MANAGEMENT, LLC

Attest:

_____  By:_____
               BRUCE A. GOODMAN, Managing Member

11

    f. Durst acknowledges that once he signs this Agreement, he has seven (7) days to revoke it. Durst may do so by delivering to Andee Gaffin, Human Resources Director, Goodman Properties, 636 Old York Road, Second Floor, Jenkintown, PA 19046, a written notice of his revocation within the seven-day revocation period. This Agreement will become effective on the 8th day after Durst signs it, provided that he does not revoke it during the seven-day revocation period.

  27. <u>Miscellaneous</u>

    a. The Parties acknowledge that this Agreement is a collective product and shall not be construed for or against any Party on the ground of sole authorship.

    b. All of the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

    c. The Parties agree to cooperate and execute any further documents reasonably necessary to effectuate this Agreement, including the stipulations of dismissal with prejudice for the First E.D. Case and Second E.D. case, any documents necessary to effect the referenced transaction relating to the NJ Property, and any documents as are reasonably necessary to effecting the easement for and implementation of the Bottino Solar Project referenced herein.

  IN WITNESS WHEREOF, the Parties hereto have signed this Agreement as of the day and year written above.

Witness

_____
Witness

Attest:
_____

STEVEN DURST

_____
BRUCE A. GOODMAN,
Individually and t/a
GOODMAN PROPERTIES

GOODMAN MANAGEMENT, LLC

By: _____
BRUCE A. GOODMAN, Managing Member

11