[Doc. No. 73]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

STEVEN DURST and REUBEN DURST,

   Plaintiffs,

 v.

MATTHEW DURST, et al.,

   Defendants.

Civil No. 12-5255 (JBS/AMD)

**<u>ORDER</u>**

   Presently before the Court is Plaintiffs' motion for leave to file a second amended complaint in order to assert a legal malpractice claim against John A. Yacovelle and the Law Office of John A. Yacovelle (collectively, "Yacovelle"). Defendants oppose the pending motion on futility grounds and assert that the proposed malpractice claim purportedly contravenes the law of this case. The Court decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth herein, the Court denies Plaintiffs' motion to amend.

   The District Court's prior Opinion sets forth the background and procedural history of this lengthy litigation, and shall not be reiterated herein. (<u>See, e.g.</u>, Opinion [Doc. No. 64], Aug. 5, 2013, 1-9.) Rather, the Court notes that the

1

pending motion constitutes Plaintiffs' third effort to file an amended complaint. Plaintiffs filed their first motion to amend on November 8, 2012, which the Court dismissed without prejudice on June 18, 2013. (See Minutes of Proceedings [Doc. No. 59].) Thereafter, Plaintiffs filed their second motion for leave to file a second amended complaint on July 19, 2013.[1] (See generally Brief in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint [Doc. No. 61-1].) Plaintiffs' second motion sought leave to assert a legal malpractice claim against Yacovelle, arising out of Yacovelle's involvement in the settlement of Durst v. Goodmill, LLC, et al., No. C27-10, Superior Court of New Jersey, Cumberland County, Chancery Division, state court litigation concerning assets of the Jake Ball Trust (hereinafter, the "state court litigation" or "Goodmill" settlement). (Id. at 2.) Plaintiffs' proposed amended pleading generally alleged that Yacovelle committed legal malpractice by:

---

[1] Plaintiffs filed their initial motion to amend and to disqualify Yacovelle on November 8, 2012. (See generally Memorandum of Law in Support of Motion to Amend Complaint and Remove John A. Yacovelle, Esquire as Attorney for Matthew Durst [Doc. No. 8-4].) The Court dismissed Plaintiffs' motion without prejudice on June 20, 2013, and directed that any renewed motion to amend setting forth a legal malpractice against Yacovelle be filed within thirty (30) days. Plaintiffs timely filed their second (renewed) motion in accordance with the Court's June 20, 2013 Order. (See generally Brief in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint [Doc. No. 61-1].)

2

1. Misrepresenting the authority of Matthew Durst to act on behalf of the Jake Ball Trust in the state court litigation (Exhibit M [Doc. No. 61-14], ¶ 114, 129-30)[2], and relatedly, failing to seek the purportedly required approval of "Co-Trustee" Reuben Durst (id. at ¶ 115-16); and by

2. Recommending a settlement of the state court action "without the authority of Co-Trustee Matthew Durst, and against the objections of Reuben Durst, Steven Durst and numerous beneficiaries of the Trust" (id. at ¶ 133, 137), which Plaintiffs alleged "effectively destroyed the [Jake Ball] Trust by divesting it of the majority of its assets."

(Id. at ¶ 137) Defendants primarily opposed Plaintiffs' motion on the basis that no set of facts supported the existence of an attorney-client relationship and any derivative duty between Yacovelle and Plaintiffs. (See generally Brief in Response to Plaintiffs' Motion to File Amended Complaint [Doc. No. 62], 8, 24.) On August 5, 2013, the District Court granted Defendant Matthew Durst's motion for partial summary judgment, and concluded that collateral estoppel precludes Plaintiffs from arguing "that the settlement entered into by Matthew Durst" in the underlying state court litigation constitutes an "unfair or inequitable" resolution of that litigation, and also "from

---

[2] Plaintiffs filed two proposed amended pleadings in connection with Plaintiffs' second motion to amend: one in the context of Plaintiffs' initial motion and another by reply. (Compare Exhibit M [Doc. No. 61-14], with Exhibit 1 [Doc. No. 66-1].) In light of the fact that the proposed pleading appended to Plaintiffs' second motion to amend mirrors identically the version appended to the pending motion, the Court cites to Plaintiff's earlier proposed pleading, rather than the improperly filed version appended in connection with Plaintiffs' reply to their second motion to amend. (Compare Exhibit M [Doc. No. 61-14], ¶¶ 106-44, with Second Amended Complaint [Doc. No. 73-2], ¶¶ 106-44; but see Exhibit 1 [Doc. No. 66-1].)

3

arguing that $600,000" constituted "an unfair valuation of the property at 1600 West Hunting Park." (Order [Doc. No. 65], Aug. 5, 2013, 1; see also Opinion [Doc. No. 64].) Defendant Matthew Durst then asserted that the District Court's August 5, 2013 Opinion foreclosed Plaintiffs' ability to allege damages arising out of the settlement of the state court litigation and, consequently, precluded Plaintiffs from stating a cognizable claim for legal malpractice against Yacovelle. (See Response to Motion [Doc. No. 67], 4-5.) The Court accordingly dismissed Plaintiffs' motion to amend without prejudice, and directed that any renewed motion "address, with specificity, the viability of any proposed amended complaint in light of the District Court's August 5, 2013" Opinion and Order. (Order [Doc. No. 71], Dec. 23, 2013, 5.)

In the pending motion, Plaintiffs again seek leave to file a second amended complaint arising out of Yacovelle's alleged "acts of malpractice and breach of [his] fiduciary obligation" to the Jake Ball Trust in connection with his representation in the state court litigation. (Brief in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint (hereinafter, "Pls.' Br.") [Doc. No. 73-1], 1 on the docket.) Plaintiffs' proposed amended pleading specifically alleges in relevant part that:

4

1. Yacovelle represented Matthew Durst and the Jake Ball Trust in the state court litigation (Second Amended Complaint [Doc. No. 73-2], ¶¶ 107-08);

2. "Yacovelle was in an attorney-client relationship" with Matthew Durst, the Jake Ball Trust, and Steven Durst (id. at ¶¶ 47-49);

3. Yacovelle owed a duty to Matthew Durst and Reuben Durst, Co-Trustees of the Jake Ball Trust (id. at ¶¶ 116, 125-26); and that

4. "Yacovelle breached his duties to Matthew Durst, Reuben Durst and the beneficiaries" (id. at ¶ 111) by:

   a. Misrepresenting "to the State Court that Matthew Durst had authority to act solely on behalf of the [Jake Ball] Trust in clear breach and disregard of the language of the Trust" (id. at ¶ 129); and

   b. Advising "Matthew Durst to settle the State Litigation without the authority of Co-Trustee Matthew Durst, and against the objections of Reuben Durst, Steven Durst and numerous beneficiaries of the Trust" (id. at ¶ 133); and by

   c. Recommending "a settlement in the State Litigation which effectively destroyed the Trust by divesting it of the majority of its assets."

(Id. at ¶¶ 47-49.) Notwithstanding the Court's December 23, 2013 Order, however, Plaintiffs fail to address the effect, if any, of the District Court's August 5, 2013 ruling on the viability of Plaintiffs' proposed malpractice claim.[3] Rather, Plaintiffs merely refiled their original proposed pleading (compare Exhibit M [Doc. No. 61-14], ¶¶ 106-44, with Second Amended Complaint [Doc. No. 73-2], ¶¶ 106-44), assert that "where there is a right

---

[3] The Court shall not, however, deny Plaintiffs' pending motion for failure to comply with the Court's December 23, 2013 Order. Rather, the Court denies Plaintiffs' motion for the reasons set forth infra.

5

there is a remedy" and accordingly assert their entitlement to a "day in Court" concerning the allegations of willful misconduct and breach of fiduciary duty. (Pls.' Br. [Doc. No. 73-1], 2 on the docket.) Plaintiffs specifically assert that Yacovelle's liability necessarily flows from a determination that Defendants engaged in "willful conduct" and that Yacovelle cannot therefore "escape liability for same." (Id. at 1-2 on the docket.) Consequently, Plaintiffs assert that the District Court's August 5, 2013 ruling leaves unchanged Plaintiffs' ability to allege that Defendants engaged in willful conduct and/or breached their fiduciary obligations in the context of the state court settlement.[4] (Id. at 2 on the docket (citing Opinion [Doc. No. 64], Aug. 5, 2013, 9).)

Defendant Matthew Durst (hereinafter, "Durst"), however, asserts that Plaintiffs ignore in the pending motion the District Court's August 5, 2013 ruling. (See Brief in Opposition to Plaintiffs' Second Motion for Leave to File a

---

[4] In support of Plaintiffs' original motion, Plaintiffs submitted the certification of Steven Durst dated February 3, 2014. By letter dated June 18, 2014, however, Plaintiffs sought to withdraw the certification, and the Court sealed the submission by Order dated July 2, 2014. (Order [Doc. No. 81], July 2, 2014, 2.) By reply, Plaintiffs submitted an additional certification dated February 24, 2014, in which Plaintiff Steven Durst sets forth the factual circumstances purportedly giving rise to Plaintiffs' claim that Yacovelle breached his legal duty to Plaintiffs. (See generally Certification of Steven Durst [Doc. No. 78].) However, for the reasons set forth infra, the Court concludes that the District Court's August 5, 2013 ruling precludes Plaintiffs from stating cognizable damages arising out of Yacovelle's alleged malpractice.

6

Second Amended Complaint (hereinafter, "Durst's Opp'n") [Doc. No. 74], 3-4.) Durst asserts that Plaintiffs have instead refiled their prior proposed pleading without revision and proceed to contest "the valuation of the 1600 Hunting Park building[,]" the "fair or inequitable" nature of the Goodmill settlement, and that Yacovelle's "alleged advice and handling/mishandling of the" state court settlement violated applicable standards of care. (Id. at 5-6, 10.) Durst asserts, however, that because the "fairness of the settlement" no longer constitutes a disputed issue in this litigation, Yacovelle's "advice and handling" of the state court litigation cannot form the predicate for a legal malpractice claim arising out of the underlying state court settlement. (Id. at 10.) Durst therefore contends that the pending motion should be dismissed with prejudice as futile because the District Court's August 5, 2013 ruling precludes Plaintiffs from stating a cognizable claim.[5] (Id. at 10-11.)

"Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings shall be 'freely give[n]' when 'justice so

---

[5] Defendants Halloran & Sage, LLP, Robinson & Cole, LLP, and Kelley Galica-Peck, Esquire (hereinafter, "Defendants") also oppose the pending motion to the extent Plaintiffs' proposed amended pleading expands in part allegations against Defendants and sets forth an allegation against Yacovelle in Plaintiffs' legal malpractice claim against Defendants. (Response in Opposition [Doc. No. 75], 1-2.) The Court, however, denies Plaintiffs' motion for the reasons set forth infra, and accordingly denies Plaintiffs' motion with respect to these amended allegations, as well.

requires.'" Custom Pak Brokerage, LLC v. Dandrea Produce, Inc., No. 13-5592, 2014 WL 988829, at *1 (D.N.J. Feb. 27, 2014) (quoting FED. R. CIV. P. 15(a)(2)). A court may, however, deny a motion to amend on the "'grounds that amendment would cause undue delay or prejudice, or that amendment would be futile.'" Winer Family Trust v. Queen, 503 F.3d 319, 330-331 (3d Cir. 2007) (citation omitted). An amendment would be futile if the complaint, as amended, advances a claim or defense that "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). In evaluating futility, courts employ the "'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'" Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citing Shane, 213 F.3d at 115); see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). In accordance with this standard, the Court must generally accept as true the factual allegations in the complaint, and construe "all reasonable inferences" in the light most favorable to the plaintiff. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007). However, "'[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" fails to suffice. Ashcroft

8

v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Moreover, the Court need not accept sweeping "'legal conclusions'" cast in form of "'bald assertions[,]'" unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Rather, for a complaint to survive dismissal pursuant to this standard, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, a motion to amend must be denied as futile where the plaintiff cannot establish a necessary element and there exists "no reasonable prospect" of curing "the flaws." Stacey v. City of Hermitage, No. 02-1911, 2008 WL 941642, at *8 (W.D. Pa. Apr. 7, 2008). The pending motion therefore turns on the viability of Plaintiffs' proposed legal malpractice claim.

In order to state a cognizable claim for legal malpractice under New Jersey law, Plaintiffs must allege "sufficient facts" in order to demonstrate: (1) the existence of an attorney-client relationship sufficient to give rise to a duty of care; (2) specific attorney acts in breach of that duty; and (3) that the breach proximately caused any claimed damages.[6]

---

[6] The parties do not dispute the application of substantive New Jersey law in the context of this diversity action. Durst asserts that Connecticut law governs the trust documents giving

See Wiatt v. Winston & Strawn LLP, 838 F. Supp. 2d 296, 309 (D.N.J. Jan. 17, 2012) (citing Conklin v. Hannoch Weisman, 678 A.2d 1060 (N.J. 1996) (quoting Lovett v. Estate of Lovett, 593 A.2d 382 (N.J. Super. Ct. Ch. Div. 1991)) (setting forth the elements of a legal malpractice claim under New Jersey law); see also McGrogan v. Till, 771 A.2d 1187, 1193 (N.J. 2001) ("The elements of a cause of action for legal malpractice are (1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff."). Plaintiffs therefore bear the ultimate burden of demonstrating that Yacovelle's alleged malpractice "proximately caused" Plaintiffs' claimed losses. Lieberman v. Emp'rs Ins. of Wausau, 419 A.2d 417, 425-26 (N.J. 1980) (citations omitted).  In the context of the pending motion to amend, Plaintiffs must accordingly allege "'the recovery which [Plaintiffs] would have obtained'" in the absence of the alleged malpractice. U.S. Cosmetics Corp. v. Greenberg Traurig, LLP, No. 04-3697, 2007 WL 980148, at *2 (D.N.J. Mar. 28, 2007) (quoting Frazier v. N.J. Mfrs. Ins. Co., 667 A.2d 670, 676 (N.J. 1995) (citation omitted)). However, even a legal malpractice

---

rise to the Jake Ball Trust (see Brief in Response to Plaintiffs' Motion to File Amended Complaint [Doc. No. 62], 12), but relies upon New Jersey law in connection with Durst's opposition to Plaintiffs' proposed malpractice claim. (See Durst's Opp'n [Doc. No. 74], 8-9.)

claim predicated upon "obvious" negligence fails where the alleged negligence resulted in no damages. Alcman Servs. Corp. v. Samuel H. Bullock, P.C., 925 F. Supp. 252, 257 (D.N.J. 1996) (citing Vort v. Hollander, 607 A.2d 1339, 1341-42 (N.J. Super. Ct. App. Div. 1992) (noting that defendants "could not prevail" on their legal malpractice counterclaim absent proof "that [defendants] were damaged by their former attorney's alleged malpractice")).

In light of the District Court's August 5, 2013 ruling, the Court need not engage in any protracted inquiry concerning the elements necessary for a cognizable legal malpractice claim. Rather, even assuming *arguendo* that Plaintiffs' proposed pleading sets forth sufficient facts to demonstrate (1) the existence of an attorney-client relationship[7] and (2) that certain acts and/or omissions breached that duty, Plaintiffs cannot allege cognizable, proximately caused damages

---

[7] Durst disputes the existence of any attorney-client relationship between Yacovelle and Plaintiffs. (See Brief in Response to Plaintiffs' Motion to File Amended Complaint [Doc. No. 62], 9-20; see also Durst's Opp'n [Doc. No. 74], 9.) The Court notes that Plaintiffs' proposed pleading alleges the existence of an "attorney-client" relationship between Yacovelle and Plaintiffs, but otherwise fails to allege facts to support the existence and/or formation of any attorney-client relationship and any derivative duty. (See Second Amended Complaint [Doc. No. 73-2], ¶¶ 29-30.) For the reasons set forth infra, the Court denies Plaintiffs' pending motion. However, the Court also finds that Plaintiffs' failure to allege facts concerning the formation of an attorney-client relationship and any commensurate duty further warrants denial of the pending motion.

11

resulting from Yacovelle's alleged malpractice. As set forth supra, Plaintiffs primarily predicate their proposed malpractice claim on their assertion that Yacovelle "committed legal malpractice by recommending a settlement" in the state court litigation which purportedly "destroyed" the Jake Ball Trust and "divest[ed] it of the majority of its assets." (Second Amended Complaint [Doc. No. 73-2], ¶ 137.) Plaintiffs then allege—albeit in the context of another claim—that Yacovelle's malpractice proximately caused a "Three Million Dollar" divestiture of trust assets.[8] (Id. at ¶ 105.) Notwithstanding these allegations, Plaintiffs cannot prevail on their alleged malpractice claim absent an allegation that Yacovelle's acts and/or omissions in the state court settlement *damaged* Plaintiffs in some cognizable manner. See, e.g., Vort, 607 A.2d 1339, 1341-42 (N.J. Super. Ct. App. Div. 1992) (finding that defendants "could not prevail" on their legal malpractice counterclaim absent proof of actual damage derived from "their former attorney's alleged

---

[8] As asserted by Defendants, Plaintiffs direct this allegation against Defendants rather than Yacovelle. (See Response in Opposition [Doc. No. 75], 2 on the docket.) Plaintiffs also fail to incorporate by reference this allegation in Plaintiffs' legal malpractice claim against Yacovelle. (Compare Second Amended Complaint [Doc. No. 73-2], ¶ 106 (incorporating "paragraphs 1 through 102 of the Amended Complaint" as if fully set forth in Plaintiffs' legal malpractice complaint), with id. at ¶ 105 (alleging that Yacovelle's malpractice proximately caused the Jake Ball Trust to be "divested of over Three Million Dollars").) Notwithstanding Plaintiffs' clear error, the Court shall afford Plaintiffs all reasonable inferences and shall construe that allegation as if set forth in the proposed legal malpractice claim against Yacovelle.

malpractice"). Here, however, the District Court's August 5, 2013 ruling prohibits Plaintiffs from contesting the fairness of the state court settlement—and, derivatively, prohibits Plaintiffs from asserting in the pending motion that Yacovelle's representation deprived them of a fair and/or equitable result in the state court litigation. Indeed, the District Court explicitly concluded that, "collateral estoppel applies to bar relitigation of the fairness of the settlement" in the state court litigation. (Opinion [Doc. No. 64], Aug. 5, 2013, 19.) Notwithstanding the District Court's unequivocal expression, Plaintiffs invite relitigation into a previously addressed issue: the state court settlement obtained in part through Yacovelle's representation. (See generally Pls.' Br. [Doc. No. 73-1].) The Court, however, denies that attempt to relitigate. (See Opinion [Doc. No. 64], Aug. 5, 2013, 18-19 (noting that Plaintiffs are collaterally estopped from contesting the fairness of the state court settlement).) Rather, guided by the District Court's ruling, the Court must presume fairness of the underlying settlement in the pending motion—and concludes that Plaintiffs cannot demonstrate that Plaintiffs "'would have obtained'" a different result in the absence of Yacovelle's alleged malpractice arising out of the state court settlement. U.S. Cosmetics Corp., 2007 WL 980148, at *2 (citations omitted). Specifically, in light of the preclusion against further

13

argument concerning the fair and equitable nature of the state court settlement, the inference necessarily arises that Plaintiffs would be identically situated notwithstanding any allegations concerning Yacovelle's alleged misconduct in the state court settlement.[9] See Wills, O'Neill & Mellk v. Rothman, No. 10-3078, 2012 WL 1854060, at *10 (D.N.J. May 21, 2012) (quoting Gautam v. De Luca, 521 A.2d 1343, 1347 (N.J. Super. Ct. App. Div. 1987)) (noting that the measure of damages for the purposes of a legal malpractice claim "'is ordinarily the amount that the client would have received but for his attorney's negligence'"). This ruling consequently precludes Plaintiffs from alleging that the manner and outcome of Yacovelle's negotiation and settlement of the state court litigation harmed Plaintiffs' trust assets (even accepting as true that the settlement resulted in a divestiture of trust assets). (But see Second Amended Complaint [Doc. No. 73-2], ¶ 105 (alleging that Yacovelle's alleged malpractice in the state court litigation resulted in a majority divestiture of trust assets).) Plaintiffs bear the "formidable burden of [ultimately] proving

---

[9] Consequently, even accepting as true Plaintiffs' assertion that Yacovelle's representation resulted in some divestiture of Trust assets (an assertion presented in part to the state court), in the wake of the District Court's application of collateral estoppel to the relitigation of the fair and equitable nature of the state court settlement, Plaintiffs cannot rely upon such allegations in order to allege a viable claim for legal malpractice—and specifically in order to allege that Yacovelle's conduct resulted in cognizable harm. (See, e.g., Second Amended Complaint [Doc. No. 73-2], ¶ 137.)

14

that 'but for'" Yacovelle's alleged legal malpractice, Plaintiffs would have obtained a more favorable result in the state court litigation; the District Court's August 5, 2013 ruling, however, quite simply precludes Plaintiffs from ever meeting that burden in this instance.[10] Snyder v. Baumecker, 708 F. Supp. 1451, 1464 (D.N.J. 1989). The District Court's August 5, 2013 Order bars relitigation into the "fairness" of the state court settlement, thereby precluding Plaintiffs from alleging that Yacovelle's purported acts of malpractice with respect to the settlement deprived Plaintiffs of some financial benefit. (See generally Opinion [Doc. No. 64], Aug. 5, 2013, 19; Second Amended Complaint [Doc. No. 73-2], ¶¶ 105-44 (generally alleging that Yacovelle's recommendation of the state court settlement

---

[10] Nor does the Court find that the paragraph excerpted by Plaintiffs from the District Court's August 5, 2013 Opinion compels any contrary conclusion. (See Pls.' Br. [Doc. No. 73-1], 2 on the docket (citing Opinion [Doc. No. 64], Aug. 5, 2013, 9).) The District Court's discussion concerning the preservation of allegations of "willful misconduct" and/or "breach" of fiduciary duties concerned allegations that Durst "acted beyond the scope of his authority under the [Jake Ball] Trust." (Opinion [Doc. No. 64], Aug. 5, 2013, 12.) That discussion did not, however, concern any allegations against Yacovelle nor his involvement in the state court settlement giving rise to Plaintiffs' proposed malpractice claim. (See id.) Rather, the District Court's discussion rested solely upon Durst's conduct. (See id.) The proposed legal malpractice claim, however, only concerns Yacovelle's conduct in the state court litigation, and attempts to contest the settlement obtained through Yacovelle's representation. (See Second Amended Complaint [Doc. No. 73-2], ¶¶ 106-144.) Indeed, as set forth supra, Plaintiffs specifically assert that Yacovelle committed legal malpractice by "recommending" the state court settlement and "advising" Defendant Matthew Durst to settle. (Id. at ¶¶ 133, 137.)

15

"destroyed the trust"). The Court therefore concludes that Plaintiffs have failed to set forth cognizable damages, a necessary and essential element of a viabile legal malpractice claim. See Tadros v. City of Union City, No. 10-2535, 2011 WL 1321980, at *9 (D.N.J. Mar. 31, 2011) (denying plaintiffs' motion to amend in order to assert a legal malpractice claim where plaintiffs "were not damaged" by any alleged malpractice); Alcman Servs. Corp., 925 F. Supp. at 257 (noting that even "obvious" legal malpractice fails to state a cognizable claim where no damages resulted). Consequently, the Court finds Plaintiffs' proposed legal malpractice claim against Yacovelle, as pled, futile, and denies Plaintiffs' motion to amend. Stacey v. City of Hermitage, No. 02-1911, 2008 WL 941642, at *8 (W.D. Pa. Apr. 7, 2008) (denying plaintiff's motion to amend to assert a legal malpractice claim against defendants as futile); see also Love v. N.J. Dep't of Corr., No. 10-1714, 2011 WL 345964, at *27-*28 (D.N.J. Jan. 31, 2011) (denying plaintiff's motion to amend where the proposed claims were based on the same allegations that the court had previously concluded failed to state a cognizable claim). Consequently, for the reasons set forth herein, and for good cause shown:

IT IS on this 25th day of July 2014,

**ORDERED** that Plaintiffs' motion for leave to file a second amended complaint [Doc. No. 73] shall be, and hereby is, **DENIED**.

                                         s/ Ann Marie Donio
                                         ANN MARIE DONIO
                                         UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jerome B. Simandle