```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAKE BALL TRUST, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 12-5255 (JBS/AMD) |
| MATTHEW DURST, et al., | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, Chief Judge:**

Before the Court is Plaintiffs Reuben and Steven Durst's motion for reconsideration [Docket Item 122] directed at four opinions and orders issued by this Court and Magistrate Judge Donio over the course of the last two years. Plaintiffs' motion will be denied because their motion is untimely and procedurally deficient, and because Plaintiffs have not shown that the Court made any clear errors of fact or law, that there is new evidence, or that there has been an intervening change in the controlling law. The Court finds the following:

1.  Steven and Reuben Durst and the Jake Ball Trust filed the instant action against Matthew Durst in Cumberland County Superior Court on May 17, 2012. [Docket Item 1-2.] Plaintiffs Steven and Reuben Durst sought injunctive relief and damages against Defendant Matthew Durst for misappropriation of assets, self-dealing, failure to provide annual accountings, and

misrepresentation regarding delivery of trust assets. The complaint sought removal of Matthew Durst as Trustee, an order restraining Matthew Durst from access to any and all Trust assets, immediate return of misappropriated funds, compensatory damages, punitive damages and attorney's fees and costs. Defendant Matthew Durst filed a motion to dismiss in state court. The state court granted the motion to dismiss with regard to the Jake Ball Trust and denied the remainder of the motion. With the Jake Ball Trust eliminated as a party, diversity jurisdiction existed, and Defendant Matthew Durst removed the instant action to the District of New Jersey. [Docket Item 1.] Plaintiffs filed an Amended Complaint on February 15, 2013 adding claims for legal malpractice against Halloran & Sage, LLP ("H & S"), Robinson & Cole, LLP ("R & C"), and Kelley Galica-Peck. [Docket Item 24.]

2.   On August 5, 2013, the Court granted Defendant Matthew Durst's motion for partial summary judgment, concluding that Plaintiffs are "collaterally estopped from arguing that the settlement entered into by Matthew Durst in Durst v. Goodmill, LLC, et al., No. C27-10, Superior Court of New Jersey Cumberland County Chancery Division, was unfair or inequitable" and that "$600,000 was an unfair valuation of the property at 1600 West Hunting Park." [Docket Item 65.]

2

3. On July 25, 2014, Magistrate Judge Ann Marie Donio denied Plaintiffs' second motion for leave to file a second amended complaint, by which Plaintiffs sought for a second time to assert a legal malpractice claim against John A. Yacovelle and the Law Office of John A. Yacovelle arising out of Yacovelle's involvement in the settlement of the state court case.[1] [Docket Item 82.] Judge Donio reasoned that, in light of this Court's decision on Defendant Matthew Durst's motion for partial summary judgment holding that Plaintiffs were collaterally estopped arguing that the settlement of the New Jersey state court litigation was unfair, Plaintiffs "cannot allege cognizable, proximately caused damages resulting from Yacovelle's alleged malpractice." [Docket Item 82 at 11-12.] There was no appeal from Judge Donio's order.

4. On January 13, 2015, the Court granted Defendant R & C's motion for summary judgment, concluding that R & C cannot be liable for Galica-Peck's conduct before she joined the firm and that they are not liable for her conduct while employed at the firm because Plaintiffs proffered no evidence of causation or damages. [Docket Item 98.]

5. On April 10, 2015, Judge Donio denied Plaintiff's third motion for leave to file a second amended complaint, by

---

[1] The Court dismissed without prejudice Plaintiffs' first motion to amend on June 18, 2013.

3

which Plaintiffs sought to add additional defendants. [Docket Item 115.] There was no appeal from Judge Donio's order.

6. Pursuant to Judge Donio's Scheduling Order, all discovery is now closed. [Docket Item 116.] Remaining defendants Matthew Durst, H & S, and Kelley Galica-Peck have each moved for summary judgment [Docket Items 123, 124, 125], which will be addressed separately.

7. At the outset, the Court notes that Plaintiffs' "Motion to Reconsider: Denial of a Motion to Amend Complaint to Join Additional Defendants; Granting of Motion for Summary Judgment for Defendants Robinson & Cole; Granting Motion for Partial Summary Judgment in Favor of Matthew Durst; Denying Motion to Amend Complaint to Join John Yacovelle, Esquire as a Defendant"[2] is untimely and procedurally deficient. Motions under L. Civ. R. 7.1(i) must be served and filed within 14 days after the entry of the order; Plaintiffs waited at minimum six months before challenging the entry of any of the four orders described above. This alone provides a basis to deny Plaintiffs' untimely motion for reconsideration. Mitchell v. Township of Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012). Further, to the extent Plaintiffs challenge Magistrate Judge

---

[2] Plaintiffs do not identify pursuant to what Federal or Local Rule they bring their motion. The Court will construe this motion as one for reconsideration under L. Civ. R. 7.1(i).

4

Donio's orders, that can only be done by appeal to the District Judge which is required to be timely filed within 14 days of the order to which the party objects, see Fed. R. Civ. P. 72(a). Moreover, L. Civ. R. 7.1(i) requires that a motion for reconsideration be accompanied by "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." See also L. Civ. R. 7.1(d) ("No application will be heard unless the moving papers and a brief . . . are filed."). Plaintiffs' notice of motion is accompanied by no brief, and its accompanying Certification of Steven Durst is by no means concise. The certification itself runs afoul of L. Civ. R. 7.2(a), which restricts certifications "to statements of fact within the personal knowledge of the signatory" and proscribes that "[a]rgument of fact and the law shall not be contained in such documents." The Rule permits the Court to disregard any such argument included in the certification.

8.  Notwithstanding the timeliness issue, Plaintiffs' motion for reconsideration lacks merit with respect to each of the four orders challenged. The party seeking reconsideration bears the heavy burden of demonstrating either: "'(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest

5

injustice.'" Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

9. As this Court has noted, "A motion for reconsideration . . . constitutes an extremely limited procedural vehicle, and does not provide the parties with an opportunity for a second bite at the apple, nor a vehicle to relitigate old matters or argue new matters that could have been raised before the court made its original decision." Grant v. Revera Inc./Revera Health Sys., Civ. 12-5857 (JBS), 2015 WL 794992, at *2 (D.N.J. Feb. 24, 2015) (quotations and citations omitted). Moreover, "mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law and should be dealt with through the normal appellate process." Id. (quotations and citations omitted).

10. Construing the Certification of Steven Durst as a brief, the Court notes that Plaintiffs raise two grounds for reconsideration: (1) that denial of their motion will result in manifest injustice, and (2) that additional information secured during discovery will disclose specific new facts that justify reconsideration. (Durst Cert., ¶ 2.)

11. Plaintiffs fail to identify a clear error in law or fact committed by the undersigned or Judge Donio resulting in manifest injustice. A motion for reconsideration on this ground

6

will succeed only where the movant notes "dispositive factual matters . . . which were presented to the court but not considered on the original motion." Resorts Intern., Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992). Nowhere does the Durst Certification note where the undersigned or Judge Donio were presented with evidence that went ignored. Instead, by "manifest injustice," Plaintiffs really mean "unfavorable decisions." Plaintiffs merely seek to relitigate the fairness of the state court settlement and argue again that Yacovelle's role necessitates his addition as a defendant, issues already decided in this litigation, because they disagree with their disposition. Reconsideration is not proper on this ground. Grant, 2015 WL 794992, at *2.

12.  In the alternative, the Durst certification purports to include new facts uncovered during discovery that justify reconsideration of this Court's grant of R & C's motion for summary judgment and Judge Donio's denial of Plaintiffs' attempt to add real estate appraisers as defendants. "To permit reconsideration when new evidence becomes available, the moving party must present new evidence that would alter the disposition of the case." Interfaith Comm. Org. Inc. v. PPG Indus., 702 F. Supp. 2d 295, 318 (D.N.J. 2010). The information must have been unavailable or unknown at the time of the original motion. Id.

7

13. It is unclear which of the exhibits appended to Durst Certification are "newly discovered," as opposed to evidence earlier submitted to the Court. Even assuming arguendo that all of Steven Durst's supporting documentation is new to the Court, it consists largely of emails or other documents that were in Plaintiffs' own possession well before they filed the instant suit and could have been raised in conjunction with the earlier motions whose disposition they now contest. (Docket Item 122-2, Durst. Cert. Exhibit List). The Court will not consider these documents "unavailable or unknown" to Plaintiffs at the time of the 2013, 2014, and 2015 motions challenged here. Interfaith Comm. Org. Inc., 702 F. Supp. 2d at 318.

14. The other exhibits appended to the Durst Certification are excerpts from the April 2015 depositions of Kelley Galica-Peck and Matthew Durst. (Durst. Cert. Exhibit List.) While these depositions were taken after each of these four motions were decided, discovery in this case opened in October 2012. [Docket Item 5.] Plaintiffs offer no explanation for the delay in taking these depositions that forced this testimony to become "newly discovered" after these four challenged motions were decided. See Lentz v. Mason, 32 F. Supp. 2d 733, 751 (D.N.J. 1999) (denying motion for reconsideration where parties provided no reason for their failure to discover information earlier). Moreover, the deposition testimony presented would not change

8

the outcome of the prior decisions. These excerpts are irrelevant to the undersigned's determination that collateral estoppel bars Plaintiffs from relitigating the fairness of the state court settlement, and that decision in the undersigned's grant of partial summary judgment to Matthew Durst formed the basis for the subsequent decisions granting R & C's motion on summary judgment and denying Plaintiffs' requests to add Yacovelle and the real estate appraisers as defendants.

15. Additionally, one of Plaintiffs' principal points in seeking reconsideration of the orders regarding R & C and the appraisers is that Defendants have been withholding evidence that would alter the Court's decision on summary judgment if it had been considered. (Durst Cert. ¶¶ 42, 43, 47, 48, 49, 51.) A motion for reconsideration is not the proper vehicle for Plaintiffs to seek additional discovery or to forecast hypothetical decisions based on hypothetical evidence. Plaintiffs' motion is denied.

16. An accompanying Order will be entered.

| | |
|---|---|
| **October 15, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |